EL PUEBLO, DEMANDANTE Y APELADO, *v.* DÍAZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por acometimiento y agresión grave.

No. 2108.—Resuelto en marzo 17, 1924.

MUTILACIÓN—SOBRESEIMIENTO DE LA ACUSACIÓN—TÉRMINO PARA PRESENTAR LA ACUSACIÓN.—Si el gran jurado acusa de mutilación por hechos que el *committing magistrate* había calificado de acometimiento y agresión grave al decretar el arresto, aunque haya transcurrido sesenta días entre la fecha del arresto y la de la acusación por el gran jurado, el sobreseimiento fundado en el inciso primero del artículo 448 del Código de Enjuiciamiento Criminal es improcedente.

ID.—ACOMETIMIENTO Y AGRESIÓN GRAVE—DELITO COMPRENDIDO EN OTRO MAYOR.—Un acusado de mutilación puede ser convicto de acometimiento y agresión grave.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. García Veve.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

El apelante fue acusado de un delito de mutilación y la acusación presentada dice:

"El referido Justino Díaz el día 1 de enero de 1923, y en el distrito de Humacao, o sea en la Municipalidad de Fajardo, que forma parte del Distrito Judicial de Humacao, P. R., ilegal voluntaria y maliciosamente acometió y agredió con una navaja barbera, que es un arma mortífera a Américo Andrini, causándole una herida profunda en el rostro, quedándole éste desfigurado permanentemente    *    *    *"

Celebrado el juicio el acusado fue declarado culpable de un delito de acometimiento y agresión grave.

Apelada la sentencia, se han señalado dos errores, a saber: 1°., haberse denegado el sobreseimiento de la causa; y 2°., haberse declarado sin lugar la excepción perentoria de que la acusación no contiene hechos para constituir un delito.

No existen los errores apuntados.

El apelante funda el primer error en el inciso 1°. del artículo 448 del Código de Enjuiciamiento Criminal.

En enero 1, 1923, al iniciarse esta causa, el acusado fue denunciado y arrestado por un delito de acometimiento y agresión grave, pero al ser remitidas las diligencias al Fiscal del Distrito de Humacao por el Juez Municipal de Fajardo, dicha causa fue sometida al Gran Jurado y éste, en 28 de marzo de 1923, formuló una acusación por el delito de mutilación. Por estos hechos tenemos que admitir de un lado que desde que se arrestó al acusado hasta que el Gran Jurado encontró una acusación fundada, habían trascurrido más de sesenta días, pero por otra parte no podemos tomar como base a los efectos del sobreseimiento solicitado, el delito de acometimiento y agresión grave y el arresto del acusado por este delito. El cambio de calificación por el Gran Jurado varió la situación del acusado y así sus consecuencias legales, y la fecha del arresto por el delito de mu-

tilación, si apareciese que se había realizado, era lo que teníamos que considerar y no la del primer arresto. Al ser formulada la acusación por el delito de mutilación, el acusado tenía derecho a insistir en que fuera sobreseída la causa anterior por acometimiento y agresión, aunque no tenía derecho a insistir en el sobreseimiento de la acusación por mutilación, toda vez que no fue arrestado originalmente por virtud de ese cargo.

Se sostiene por el segundo error que la acusación no constituye un delito público.

El pequeño jurado no rindió un veredicto por el delito de mutilación tal como quedaba expuesto en la acusación, sino que declaró culpable al acusado de un delito menor, o sea, por acometimiento y agresión grave. La cuestión envuelta es si este delito se puede considerar necesariamente comprendido en el de mutilación.

La ley número 22 de marzo 11, 1913, para enmendar el artículo 286 del Código de Enjuiciamiento Criminal, resuelve la cuestión y esta Corte Suprema, aplicando dicha ley, la ha decidido en sentido afirmativo. En el caso de *El Pueblo* v. *Pérez,* 25 D. P. R. 399, se declaró que de acuerdo con aquella ley, en los delitos de mutilación un acusado puede ser declarado culpable del delito de acometimiento y agresión simple o con circunstancias agravantes; y en el de *El Pueblo* v. *Pizarro,* 21 D. P. R. 18, se dijo asimismo que las instrucciones a un jurado en el mismo sentido, no son erróneas.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf y Aldrey.

Los Jueces Sres. Presidente del Toro y Asociado Hutchison disintieron.