EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUCIANO CRUZ, acusado y apelante.

No. 2403.—*Visto:* Abril 24, 1925. *Resuelto:* Abril 28, 1925.

1. APELACIÓN Y ERROR—SEÑALAMIENTO DE ERRORES—SEÑALAMIENTO SIN ARGUMENTACIÓN.—El Tribunal Supremo prescindirá de un motivo de error alegado cuando el apelante se limita a señalarlo sin argumentación alguna.

2. DERECHO PENAL—TIEMPO PARA EL JUICIO—SOBRESEIMIENTO DE LA ACUSACIÓN POR TARDANZA EN PRESENTARLA.—A los efectos del sobreseimiento prescrito por el inciso 1 del artículo 448 del Código de Enjuiciamiento Criminal, sólo puede tomarse y considerarse como base del mismo la fecha del arresto por el delito porque se hace la acusación de que se trata y no la del de otro delito por el cual el acusado fué primeramente arrestado.

3. GRAN JURADO—SORTEO DEL GRAN JURADO—CITACIÓN DEL ACUSADO PARA EL SORTEO.—Librada citación para la comparecencia del acusado al sorteo del Gran Jurado y unida ésta al expediente sin constancia de haber sido diligenciada, puede demostrarse por otra evidencia que la citación fué propiamente hecha.

4. GRAN JURADO — RECUSACIONES — RECUSACIONES A UNO O MÁS JURADOS. — El hecho que tres miembros de un Gran Jurado sean desafectos al acusado y uno de ellos fuera hermano político del administrador de una central afectada por huelga en la época de la acusación, y que tenían formada opinión contraria al acusado no son motivos de recusación de los mismos.

SENTENCIA de *Pablo Berga,* J. (Humacao), condenando al acusado por delito de ataque para cometer homicidio. *Confirmada, así como la resolución denegando nuevo juicio.*

*Arturo Aponte, Jr.,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El apelante fué acusado por un gran jurado por el delito de ataque para cometer asesinato y habiendo sido declarado culpable por un pequeño jurado del delito de ataque para cometer homicidio, interpuso esta apelación contra la sentencia y contra la resolución que le negó un nuevo juicio.

[1] Para sostener sus apelaciones alega tres motivos de error, siendo uno de ellos por no habérsele concedido un nuevo juicio, pero prescindiremos de éste porque el apelante se limita a señalarlo sin argumentación alguna.

Los otros dos motivos son: primero, el de no haber sido decretado por la corte inferior el sobreseimiento de la acusación por no haber sido presentada dentro de los sesenta días siguientes al arresto del acusado; y segundo, el de no haber sido decretada la desestimación de la acusación por no haber sido citado el acusado para el sorteo del gran jurado.

[2] En cuanto al primero, resulta de los autos que el 4 de marzo de 1923 fué arrestado el apelante y prestó fianza para responder de una denuncia por el delito de acometimiento y agresión grave con una navaja barbera a José Ilarraza, y que reclamadas esas diligencias por el fiscal del distrito éste sometió al gran jurado una acusación por tal hecho por delito de ataque para cometer asesinato, que el gran jurado encontró fundada y que fué presentada a la corte el 16 de mayo siguiente sin que se librara otra orden de arresto contra el acusado.

Nosotros hemos resuelto el 17 de marzo de 1924 en el caso de *El Pueblo* v. *Díaz* (32 D.P.R. 888) al considerar el artículo 448, inciso primero del Código de Enjuiciamiento Criminal, que si bien desde que se arrestó al acusado hasta que fué presentada la acusación del gran jurado habían transcurrido más de sesenta días, no podíamos tomar como base a los efectos del sobreseimiento solicitado el delito de acometimiento y agresión grave y el arresto del acusado

por este delito, porque el cambio de calificación por el gran
jurado varió la situación del acusado y sus consecuencias
legales; que la fecha del arresto por el delito de mutilación,
por el que se hizo la acusación en dicho caso, si apareciese
que se había realizado era la que teníamos que considerar
y no la del primer arresto, y que el acusado tenía derecho
a insistir en el sobreseimiento de la causa anterior por aco-
metimiento y agresión, pero no tenía el derecho de insistir
en el sobreseimiento de la acusación por mutilación, toda vez
que no fué arrestado originalmente por virtud de ese cargo.
El caso presente está en idénticas condiciones que el que
motivó esa resolución y por tanto le es aplicable dicha doc-
trina, sin que la argumentación que hace el apelante ata-
cándola nos convenza de que debemos modificarla.

[3] Con respecto al segundo motivo del recurso aparece
de los autos que la orden librada para la citación del acu-
sado para que concurriera al sorteo del gran jurado que
había de conocer de la acusación contra él no tenía el dili-
genciamiento de su cumplimiento, pero por la declaración
jurada del márshal de Fajardo, donde reside el apelante, se
ha justificado que con más de cinco días de anticipación a
dicho sorteo el expresado márshal se personó en la casa
del acusado para notificarlo, que no habiéndolo encontrado
dejó a la esposa la copia de la citación, que el mismo día
encontró al acusado en la calle y le manifestó que quedaba
citado para dicho acto y que la copia de la cédula de cita-
ción la había dejado en su casa a la esposa.

Aunque la citación que se libró y se unió al expediente
del gran jurado no tenía constancia de haber sido diligen-
ciada como requiere el artículo 409 del Código de Enjuicia-
miento Criminal, sin embargo, estimamos que la declaración
jurada del márshal de Fajardo es prueba suficiente de que
la citación fué hecha en tiempo oportuno. En algunos ca-
sos civiles hemos resuelto que aunque en el diligenciamiento
de una citación no conste que fué debidamente hecho, puede

demostrarse por otra evidencia que la citación fué propiamente hecha.

[4] Habiendo llegado a la conclusión dicha y no habiendo el apelante asistido al sorteo del gran jurado que conoció de su acusación, podríamos prescindir de considerar si como alegó en su petición de desestimación de la acusación tenía recusaciones que hacer a tres de los jurados, pero preferimos decir que las causas de recusación porque tres de los jurados eran desafectos al acusado y uno de ellos hermano político del administrador de la central Fajardo Sugar Company, que se dice afectada por la huelga general que hubo en Fajardo en la época de la acusación, y la alegación de que los tres tenían formada opinión contraria al acusado, no eran motivos de recusación pues el parentesco del jurado debe ser con la persona perjudicada, con aquella cuya denuncia motivó la causa o con el acusado, y porque no es motivo de incapacidad para actuar como jurado el hecho de que éste haya formado opinión acerca del asunto, si está fundada en rumores públicos, manifestaciones de la prensa o en la notoriedad del caso; siempre que a juicio del tribunal, previa la declaración que bajo juramento o en otra forma preste, está dicho jurado en actitud, no obstante dicha opinión, de actuar con entera imparcialidad y rectitud en el asunto.

Por los motivos expuestos *la sentencia apelada debe ser confirmada y también la resolución que negó el nuevo juicio solicitado.*

Los Jueces Presidente Señor del Toro, y Asociado Señor Hutchison, disintieron.