El Pueblo *v.* Quilichini et al.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 16.—Resuelto en Junio 20, 1904.

Apelación — Fundamentos del Recurso — Pliego de Excepciones.—Los fundamentos del recurso que no aparecieren comprobados por las constancias obrantes en la transcripción de autos, ni estuvieren justificados por un pliego de excepciones, no pueden ser considerados por el Tribunal de Apelación.

Acusación—Sobreseimiento—Juicio.—Si un acusado se sometiere á juicio sin haber solicitado el sobreseimiento de la causa por no haberse formulado la acusación dentro del término legal, se entenderá por ello que renuncia á tal derecho.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Smith.*

Abogado del apelado: *Sr. del Toro,* Fiscal.

El Juez Asociado Sr. Figueras, emitió la siguiente opinión del Tribunal.

El presente es un recurso de apelación interpuesto por Don Santiago Quilichini contra sentencia de la Corte de Mayagüez que le condenó á 250 dollars de multa y á Mojica y á Garcia á cien á cada uno y á una tercera parte de costas á cada uno de los tres. El Fiscal del Distrito de Mayagüez, con fecha 15 de Abril de 1903, formuló su acusación, debidamente jurada, en los términos siguientes:

"En la noche del 7 de Septiembre del año 1902 Santiago Quilichini, que es dueño de una destileria en el término Municipal de Sabana Grande, que forma parte del Distrito arriba citado, y con la maliciosa intención de defraudar al Erario Insular, en nueve dollars, cantidad que habia de satisfacer en los sellos de Rentas Internas por derecho de consumo, sacó de su depósito doce y medio galones de ron que hizo entregar á Nicomedes Mojica, su medianero, sin entregarle factura alguna creditiva de haber satisfecho aquel impuesto, cuyo Mojica lo recibió á sabiendas de que se trataba de un contrabando, y los trasportó hasta la tienda de Antonio Gar-

cía, quien asimismo sabiendo que se trataba de un contrabando, compró al Mojica nueve galones de los doce y medio que éste llevaba. Este hecho es contrario á la ley para tal caso prevista y á la paz y dignidad del Pueblo de Puerto Rico.''

Los acusados se declararon no culpables, y se procedió á la celebración del juicio que tuvo lugar el veinte de Julio último, en cuyo acto se practicó toda la prueba propuesta por las partes, sin que se promoviese incidente de ninguna especie, ni se consignase protesta alguna, y en tales condiciones, en veinticuatro de Julio de 1903, se dictó sentencia condenando á cada uno de los tres acusados á las penas de que se deja hecho mérito. Contra esa sentencia interpuso apelación solamente Don Santiago Quilichini, utilizando el derecho que le concedió la ley que otorga también dicho recurso por ''misdemeanor,'' y elevadas á este Tribunal las copias prevenidas por la ley, se ordenó á petición de la representación de Quilichini, que se elevara también á esta Corte Suprema el sumario instruido con motivo del delito de que se trata, como así se verificó. Examinado dicho sumario aparece al comienzo del mismo una comunicación dirigida al Hon. Attorney General, con fecha 18 de Septiembre de 1902, en la cual se contiene el siguiente párrafo:

''Al propio tiempo debo significar á vos que Don Santiago Quilichini y su hijo Vicente se encuentran detenidos en este Depósito Municipal, por orden del Señor Investigador hasta interín presten ·fianza legal para responder al cargo que se les hace en sus respectivos expedientes.''

Al formalizar el Letrado de Quilichini el recurso de apelación, alegó como motivos los siguientes: Primero. Que su representado fué detenido en la Carcel del Pueblo de Sabana Grande en 16 de Setiembre de 1902, en virtud de denuncia presentada contra él y otros por el Agente de Rentas Internas y por orden del Juez de Paz; y el Fiscal presentó la acusación ante la Corte del Distrito de Mayagüez, en 15

de Abril de 1903, es decir, doscientos nueve días después de la detención, por lo que el abogado Don Fernando Vazquez, defensor entónces de Quilichini, solicitó de la Corte, en el acto del juicio, que declarase sin lugar la acusación, lo que no fué aceptado y continuó el acto á pesar de que el Fiscal nada objetó para demostrar que la acusación estaba bien presentada, ni para justificar la dilación, pero que no se hizo constar lo referido en el acta sin duda porque en aquélla fecha no existía el recurso de apelación por "misdemeanor," habiéndose infringido, por tanto, el artículo 448 del Código de Enjuiciamiento Criminal. Para comprobar la tardanza entre la detención y la acusación se ha presentado ante esta Corte Suprema una certificación expedida por el Juez de Paz de Sabana Grande, en la cual consta que Don Santiago Quilichini fué puesto á disposición de dicho Juzgado por orden del Investigador de Rentas Internas y en calidad de detenido, en 16 de Septiembre de 1902, en cuya situación continuó hasta el 19 del mismo mes en que se le puso en libertad provisional, por haber prestado fianza personal por la cantidad de ochocientos dollars. Segundo. Que después de formulada la acusación por el Agente de Rentas Internas y de otras diligencias practicadas sobre la situación de los denunciados, Don Santiago Quilichini obtuvo del Hon. Tesorero que se midiese todo el ron, y de esta operación resultaron cincuenta y seis galones de menos, sin tomar en cuenta las pérdidas ó mermas por evaporación y en cuya diferencia están contenidos los dos galones y un quinto de ron á que se contrae la denuncia y la acusación Fiscal, habiendo satisfecho el dueño de la fábrica Don Santiago Quilichini el importe de los derechos por 56 galones á razón de sesenta centavos cada uno, por medio de los correspondientes sellos de rentas internas quedando por tal razón completamente indemnizado el Erario por todas las diferencias, mermas, evaporaciones etc., que aparecieron en el ron y se le hizo comprender que estaba terminado este asun-

to, creyéndolo de buena fé porque el Tesoro no había sufrido perjuicio de ningún género y la conducta de los acusados se había justificado, por lo cual no debieron ser condenados ni pueden ser responsables de los errores que se han cometido en el procedimiento. Para justificar este particular acompaña un documento expedido por el Tesorero de Puerto Rico. Tercero. Que de las pruebas practicadas en el juicio no resulta culpable Quilichini y se hubiera esto demostrado más cumplidamente, si se hubieran consignado en el acta las declaraciones de sus testigos, requisito que no se cumplió por el Secretario; y deduce de todo que su representado no cometió hecho alguno justiciable y concluye solicitando que se le absuelva y, por otrosí, propuso una prueba de libros, que se le denegó oportunamente.

El primer fundamento del recurso no consta del acta, como así lo reconoce la misma representación del apelante, ni tampoco se ha presentado pliego alguno de excepciones para confirmarlo. Pero es lo cierto que si el acusado entró al juicio y durante el curso del mismo no hizo observación ni protesta alguna, es de aplicación la doctrina sentada en "The People v. Hawkins, 127 Cal. 372" que establece que un acusado que entra al juicio sin haber ejer citado su derecho á pedir que la causa sea sobreseída al no formularse la acusación dentro del término marcado por la ley, se entiende que ha renunciado tal derecho. Así lo expresa el Fiscal de esta Corte Suprema, y con él estamos de perfecto acuerdo. En cuanto al segundo punto que se refiere á la medida del ron, debe tenerse en cuenta que esa operación se practicó en 5 de Enero del corriente año, en persecución del fraude, por encontrarse de menos en la destilería de Quilichini 56 galones de ron, según el documento que se ha presentado, hecho completamente distinto al que hoy se persigue. Respecto al tercer extremo á que se contrae la formalización del recurso, ante esta Corte, no hay términos hábiles para entrar á considerar si es ó no

errónea la apreciación que de las pruebas ha hecho el Tribunal sentenciador, toda vez que del acta consta lo contrario y no se presentó pliego de excepción que demostrase los errores. Con arreglo, por tanto, á lo que resulta de las actuaciones, que es lo que debe tener en cuenta el Tribunal para la decisión del recurso, procede se desestime éste, con las costas á cargo del apelante, confirmándose la sentencia que dictó la Corte de Mayagüez en 24 de Julio del año anterior.

*Confirmada.*

Juces concurrentes, Sres. Presidente, Quiñones, y Asociados, Hernández y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

Apelación—Fundamentos del Recurso—Pliego de Excepciones.—Los fundamentos del recurso que no aparecieren comprobados por las constancias obrantes en la transcripción de autos, ni estuvieren justificados por un pliego de excepciones, no pueden ser considerados por el Tribunal de apelación.

Acusación—Sobreseimiento—Juicio.—Si un acusado se sometiere á juicio sin haber solicitado el sobreseimiento de la causa por no haberse formulado la acusación dentro del término legal, se entenderá por ello que renuncia á tal derecho.