EL PUEBLO, DEMANDANTE Y APELADO, *v.* OTERO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo en causa por acometimiento y agresión grave.

No. 1903.—Resuelto en abril 7, 1922.

SOBRESEIMIENTO—JUSTA CAUSA PARA DEMORAR LA PRESENTACIÓN DE LA ACUSACIÓN.—Una moción de sobreseimiento por haber transcurrido más de sesenta días desde la fecha del arresto hasta que fué presentada la acusación, no es tardía por el hecho de que se haya presentado al comenzar el juicio; y cuando en la resolución declarándola sin lugar no consta la justa causa de la demora, procede revocarla en apelación y ordenarse el sobreseimiento.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. *J. R. Aponte* y *A. Brusi.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

A virtud de una acusación por el delito de ataque para cometer homicidio, el apelante fué declarado culpable de acometimiento y agresión grave.

Al empezar el juicio, el día 19 de diciembre de 1921, el acusado, amparándose en el artículo 448 del Código Penal, presentó una moción de sobreseimiento a la corte fundada en el hecho de haber transcurrido más de sesenta días desde la fecha de su arresto en julio 20, 1921, hasta el día en que la acusación fué presentada, o sea, en noviembre 22, 1921.

El fiscal se opuso a dicha moción pero no hizo esfuerzo alguno por probar cuál fué el motivo de la demora, a no ser que supongamos que las razones alegadas por el juez sentenciador al desestimar la moción fueran sugeridas en la vista como cosas de las cuales la corte podría tomar conocimiento judicial.

Las razones así expresadas fueron en sustancia que la moción era muy tardía presentada mucho después de archivada la acusación, de haber comparecido el acusado a contestarla y de su alegación de no culpable; que al acusado se le había admitido prestar fianza el día de su arresto, sin haber sufrido prisión alguna, y que la corte había estado en vacaciones durante los meses de agosto y septiembre; y finalmente, que habiendo la corte abierto nuevamente sus sesiones en octubre primero, el fiscal, en octubre 24, había presentado una acusación provisional para ser sometida al Gran Jurado, el cual no fué sorteado hasta noviembre 9 y comenzó a funcionar el día 21, habiéndose archivado la acusación al día siguiente.

Parece razonable decir, y probablemente es cierto, que en el caso de una acusación por el Gran Jurado algo menos de lo que se exige cuando el juicio es a virtud de una acusación

corriente puede ser bastante para explicar o justificar la demora. Pero cuando se interpone una objeción oportunamente, debe mostrarse alguna razón. En este caso, por ejemplo, si hubo alguna razón por la cual no fué llamado el Gran Jurado, presentada la acusación y celebrado el juicio en octubre en vez de noviembre, esa razón debió y pudo fácilmente hacerse constar, ya mediante la debida demostración por parte del fiscal o si era materia de conocimiento judicial, por la mera mención de la misma en la resolución declarando sin lugar la moción. Esto en adición al corto tiempo que quedaba después del arresto en julio y antes de empezar las vacaciones, explicándose lo de los meses de agosto y septiembre por el hecho de haber estado la corte en vacaciones, sin duda hubiera sido suficiente. Pero hemos resuelto que el mero hecho de que la corte estuviera en vacaciones durante parte del tiempo que media entre el arresto y el archivo de una acusación, no es por si solo bastante. *El Pueblo* v. *Nigaglioni,* 28 D. P. R. 232. Véase también el caso de *El Pueblo* v. *Cesari,* 26 D. P. R. 21.

No se ha citado ningún caso, ni sabemos de ninguno en el cual se haya llegado a decir que una moción como esta hecha antes de sortearse y juramentarse el jurado; y de preguntarse siquiera a las partes si están listas para actuar se hace demasiado tarde.

La sentencia apelada debe ser revocada.

> *Revocada la sentencia apelada y sobreseída la acusación.*

Jueces concurrentes: Sres. Presidente del Toro, y Asociados Wolf y Aldrey.