Ex Parte Joaquín Sánchez, peticionario.

No. 104.—*Sometido:* Mayo 1, 1933. *Resuelto:* Mayo 9, 1933.

*E. Martínez Rivera,* abogado del peticionario; *T. Torres Pérez, Fiscal Auxiliar,* a nombre de El Pueblo de Puerto Rico.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Se invoca por el peticionario la jurisdicción original de esta corte para conocer de este procedimiento de hábeas corpus. Se alega que dicho peticionario acudió a la Corte de Distrito de Ponce y que esta corte declaró sin lugar la solicitud de hábeas corpus, sosteniendo como correcta la actuación de la Corte Municipal de Orocovis. Se añade que Antonio Rubero no ha encontrado fiadores para obtener su libertad provisional y que una apelación resultaría académica, porque cuando venga a resolverse el caso ya habrá cumplido el acusado la sentencia que le fué impuesta. Deseamos hacer constar que esta corte no usará su discreción para ejercer la jurisdicción original que le confiere la ley, a menos que las circunstancias sean tales que hagan necesaria nuestra intervención. En el presente caso el acusado pudo prestar fianza para conseguir su libertad cuando fué detenido en virtud de una orden de arresto expedida por el juez municipal. Sin embargo, como razón para acudir a esta corte se alega que el recurso de apelación resultaría académico porque Rubero no ha encontrado fiadores para recobrar su libertad. No es éste un caso, a nuestro juicio, que justifica la intervención de esta corte. Hemos examinado los hechos que constan en los autos, y opinamos que no concurren las circunstancias especiales que justificarían la intervención de este tribunal. Sin embargo, ya que hemos expedido el auto solicitado por el peticionario vamos a permitirnos considerar el caso en sus méritos.

▇ En 17 de noviembre de 1932 el Juez Municipal de Orocovis expidió contra Antonio Rubero una orden de arresto que copiada a la letra dice así:

"Al Jefe de la Pol. Ins. Dist. de Orocovis.

"Por el presente mandamiento se ordena a usted que arreste inmediatamente a Antonio Rubero, trayéndole a mi presencia en la calle de Muñoz Rivera No. 3, para que responda del cargo que se le hace de delito de tentativa de violación, significándole que he fijado fianza de $500 para que pueda permanecer en libertad; sin que falte usted al debido cumplimiento de lo que le ordeno.

"Orocovis, P. R., 17 de Nov. de 1932.

(Fdo.)   J. N. Rivera Barreras.
Juez Municipal de Orocovis."

Esta orden fué debidamente diligenciada y en 30 de noviembre de 1932 el acusado recobró su libertad mediante una fianza que prestó por la cantidad que en la orden de arresto se menciona.

Los autos fueron elevados al fiscal del distrito de Ponce, quien los devolvió al juez municipal, en cuya corte, obedeciendo a instrucciones del fiscal, se formuló denuncia por un delito de escalamiento en segundo grado y no de tentativa de violación, que fué el delito que motivó el arresto del acusado. Esta denuncia se presentó el día 13 de febrero de 1933 y en 21 del mismo mes tuvo lugar la vista del caso, siendo declarado culpable Rubero y sentenciado a cuatro meses de cárcel. En el acto de la vista el acusado, por conducto de su abogado, presentó moción a la corte para que decretara el archivo y sobreseimiento de la causa por no haber sido formulada la denuncia dentro del término de sesenta días a contar desde la fecha en que se llevó a cabo el arresto.

De acuerdo con el artículo 448 del Código de Enjuiciamiento Criminal, el tribunal, a menos que exista justa causa, decretará el sobreseimiento del proceso, cuando una persona haya sido detenida para responder por la comisión de un delito público, siempre que no se haya presentado acusación contra ella en el término de sesenta días desde su detención. Esta corte ha declarado que estas disposiciones del código

tienen carácter imperativo, siguiendo la doctrina establecida por la Corte Suprema de California. *El Pueblo* v. *Ayala,* 19 D.P.R. 936; *Dyer* v. *Rossy,* 23 D.P.R. 772; *Ex parte Wood,* 90 Pac. 961.

La Corte de Circuito de Apelaciones de Boston ha declarado que si bien esta definición legislativa tiene derecho a una honrada consideración, no es obligatoria para dicha corte, la cual se considera en libertad para apreciar si ciento veinte días constituyen un período demasiado largo o demasiado corto dentro de una justa interpretación de la palabra "rápido" (*speedy*). *Gallardo, Treasurer of Puerto Rico,* v. *Questell et al.,* 29 F. (2d) 897.

Como hemos visto, a Rubero se le acusó originalmente de un delito de tentativa de violación. El juez municipal envió los autos al fiscal, quien los devolvió al mismo funcionario, aconsejando que se denunciara a Rubero por escalamiento en segundo grado ante la corte municipal, donde se formuló dicha denuncia y se declaró culpable al acusado del delito mencionado. Desde la fecha del arresto hasta el momento en que se radicó esta denuncia en la corte municipal transcurrieron ochenta y ocho días. No habiéndose presentado por el Pueblo excusa alguna para justificar la dilación, debemos atenernos a los hechos que surgen de los autos elevados a este tribunal. Los hechos que culminaron en el arresto de Rubero fueron calificados originalmente de tentativa de violación, que es un delito de *felony* que puede ser objeto de un nuevo proceso después de sobreseído. Se formuló denuncia después contra Rubero por un delito de escalamiento en segundo grado, que es un *misdemeanor,* cuyo sobreseimiento impide que se inicie un nuevo proceso. En principio no existe nada en común entre el delito de tentativa de violación y el de escalamiento. En el caso de *Byas* v. *State,* 51 S. W. 923, la Corte de Apelaciones Criminales de Tejas sostuvo que una absolución anterior por tentativa de violación no es obstáculo a un proceso por tentativa de escalamiento con el propósito de cometer violación aunque se

44

trate de la misma transacción. Los dos crímenes, dice la corte son distintos. Hacemos esta cita para poner énfasis en la distinción que se establece entre ambos delitos, sin que se entienda que expresamos punto de vista alguno sobre el criterio sostenido por el tribunal de Tejas.

Opinamos que la Corte Municipal de Orocovis interpretó correctamente la ley al desestimar la moción del acusado, solicitando el sobreseimiento del caso.

*Debe declararse sin lugar la solicitud presentada y anularse el auto de hábeas corpus librado con fecha 27 de abril de 1933, sin especial condenación de costas.*