Higinio Segarra Pérez, conocido también por Pedro Bocanegra, peticionario, *v.* Hon. Jorge L. Córdova, Juez de la Corte de Distrito de San Juan, demandado.

Núm. 375.—*Sometido:* Mayo 20, 1942. *Resuelto:* Mayo 23, 1942.

*C. del Todo Fernández,* abogado del peticionario.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

El 30 de abril, 1942, Higinio Segarra Pérez radicó una "moción de sobreseimiento" en la Corte de Distrito de San Juan, alegando que el 15 de diciembre, 1941, el fiscal de distrito ordenó su arresto por infracción al estatuto que prohibe la posesión de un arma de fuego sin haberla registrado; que una fianza de $500 fué exigida por el fiscal de distrito, la cual prestó, por lo cual se le puso en libertad; que el artículo 448 del Código de Enjuiciamiento Criminal, edición 1935, lee en parte como sigue:

"A menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso en los casos siguientes:

"1. Cuando una persona haya sido detenida para responder por la comisión de un delito público, siempre que no se haya presentado

acusación contra ella en el término de sesenta días desde su detención.'';

que han transcurrido 132 días desde su arresto, sin que se haya radicado acusación contra él imputándole el delito arriba mencionado. La moción por lo tanto, suplica el sobreseimiento "del presente caso".

La corte de distrito en la misma fecha dictó la siguiente orden:

"No aparece causa alguna en esta Corte contra el peticionario, por lo que se declara sin lugar la moción."

El 20 de mayo, 1942, Segarra radicó en esta corte una petición original solicitando un auto de *mandamus* para que se requiera a la corte de distrito que convoque al fiscal de distrito y a Segarra con el objeto de determinar si existe justa causa por la cual no se ha radicado una acusación contra él dentro de los 60 días de su arresto, y que si no se demostrare tal causa, se sobresean las diligencias practicadas por el fiscal de distrito.

■■■■ No abrigamos duda de que el peticionario tiene derecho a ser oído respecto a su contención y a menos que se demuestre justa causa para la dilación, a que se ordene el sobreseimiento del proceso en armonía con el número 1 del citado artículo 448 del Código de Enjuiciamiento Criminal. No obstante, la corte de distrito actuó con propiedad al denegar una "moción de sobreseimiento" de un caso criminal del cual no había un récord ante la corte de distrito. No puede comenzarse ningún caso a través de una moción de sobreseimiento. Si el peticionario radica una petición de mandamus en la corte de distrito contra el fiscal de distrito alegando los hechos arriba expuestos, tendrá derecho a que se decida su caso en sus méritos.

*La petición interesando la expedición de un auto de mandamus será denegada.*