EMILIANO MARTÍNEZ AVILÉS, peticionario, *v.* TRIBUNAL
SUPERIOR DE PUERTO RICO, SALA DE BAYAMÓN, HON.
RAFAEL L. YDRACH, JUEZ, recurrido.

Número 37.

*Sometido:* 21 de marzo de 1960. *Resuelto:* 30 de junio de 1960.

*Emiliano Martínez Avilés, pro se; J. B. Fernández Badillo, Procurador General, Arturo Estrella, Subprocurador General y Carlos Látimer, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

El 30 de septiembre de 1958 un policía intervino con el peticionario por violar la Ley de Automóviles y Tránsito mientras conducía un vehículo de motor por el Km. 20 de la Carretera Número 2. De acuerdo con lo dispuesto en la Ley 93 de 29 de junio de 1954 que autoriza la denuncia y citación simultáneas ("ticket") en ciertos casos de infracción a las leyes, reglamentos y ordenanzas municipales sobre tránsito, 9 L.P.R.A. (Sup. Acum.) secs. 221–227, el policía procedió allí mismo a formularle denuncia ante la Sala de Bayamón del Tribunal de Distrito llenando los blancos de un formulario ya impreso de "denuncia-citación" ("ticket"), imputándole que a las 12:15 P. M. en la fecha y lugar antes mencionados, frente a una escuela en zona escolar de 15 millas y de oeste-este, como operador del vehículo de motor Oldsmobile . . . tablilla 133725 "lo hacía a 40 millas por hora, sin tomar precauciones de salida de niño(*) de escuela". Se hizo constar en el propio formulario que al acusado se le citaba a comparecer ante la Sala del Tribunal de Distrito de Bayamón el 10 de octubre de 1958 "para formular alegación en relación con el delito imputádole". En adición a lo anterior, el policía le requirió la entrega de su licencia para conducir vehículos de motor firmando el correspondiente recibo de la misma que forma parte del impreso, con la advertencia de que dicho recibo lo autorizaba a manejar vehículos de motor hasta el día señalado para la com-

---

(*) Así aparece.

parecencia. Al peticionario se le entregó una copia de la "denuncia-citación" con el recibo mencionado, firmada por el policía denunciante.

En 2 de octubre de 1958 la "denuncia-citación" se juró por el agente ante el Secretario del Tribunal de Distrito y quedó radicada. El peticionario no compareció a hacer alegación en la fecha señalada, y en 3 de diciembre de 1958 se radicó una denuncia contra él en la forma ordinaria por infracción al art. 15(b) de la Ley de Automóviles y Tránsito, imputándole la comisión de los mismos hechos expuestos en la "denuncia-citación". Según los autos originales del Tribunal de Distrito el peticionario fue citado a comparecer el día 16 de febrero de 1959 para la celebración del juicio. En 12 de febrero solicitó el archivo y sobreseimiento del proceso por el fundamento de que la denuncia se había radicado después de transcurrido el término de 60 días, *desde su detención*, que dispone el inciso 1 del art. 448 del Código de Enjuiciamiento Criminal. El Tribunal de Distrito se negó a archivar el caso y a solicitud del peticionario la Sala de Bayamón del Tribunal Superior expidió certiorari para revisar esa negativa. Oídas las partes el Tribunal Superior dictó resolución declarando sin lugar el recurso sin expresar fundamentos. Las razones que tuvo surgen, no obstante, de la siguiente transcripción en parte de lo ocurrido en la vista celebrada:

"HON. JUEZ:
    "¿De qué se trata?
"LCDO. MARTÍNEZ:
    "Se trata de un caso, señor Juez, en que sucede lo siguiente: el 30 de septiembre de 1958 un policía que iba por la carretera de Vega.Baja a Bayamón me detuvo porque corría a mayor velocidad en una zona escolar. Me ocupó la licencia y nada más. Entonces, en diciembre 3 de 1958 radicó la denuncia.
"HON. JUEZ:
    "¿A los cuántos días después?
"LCDO. MARTÍNEZ:
    "A los tres o cuatro meses.

"Hon. Juez:

"¿Y que pasó?

"Lcdo. Martínez:

"De septiembre al 3 de diciembre. Yo presenté una moción de archivo en el tribunal inferior.

"Hon. Juez:

"¿La radicó en tiempo?

"Lcdo. Martínez:

"En tiempo.

"Hon. Juez:

"¿Y qué dijeron?

"Lcdo. Martínez:

"La declararon sin lugar."

.   .   .   .   .   .   .   .

"Hon. Juez:

"¿El fiscal qué dice, de acuerdo con el criterio de nuestro Tribunal Supremo?

"Hon. Fiscal:

"Que no tiene razón el compañero, toda vez que no fue arrestado allí; solamente se le denuncia, se le toman las generales a los efectos de proceder a radicar una denuncia dentro del año prescriptivo, un año. Ahora, si se hubiera arrestado y no se hubiera radicado la acusación o denuncia, y están expirados sesenta días, entonces tiene razón.

"Hon. Juez:

"Pregunto si hay o no hay sesenta días.

"Hon. Fiscal:

"No los hay.

"Lcdo. Martínez:

"Yo digo que este caso difiere del de Pueblo v. María Figueroa, y otros" . . . . (Argumenta)

"Hon. Juez:

"¿Usted fue arrestado alguna vez?

"Lcdo. Martínez:

"Si no entrego la licencia a mi me hubieran arrestado. El ocuparme la licencia implica el arresto porque si no entrego la licencia me llevan al cuartel.

"Hon. Juez:

"Arresto es arresto: detención de su libertad. Compañero, yo simpatizo mucho con su criterio. Tanto simpatizo que acabo de revocar un criterio mío similar; pero yo no soy quien digo la

ley, la dice la legislatura. Y a base de ese caso de El Pueblo de Puerto Rico contra el Tribunal Superior, Sala de Bayamón, María Figueroa, Interventora, resuelto el 8 de julio de 1959, me veo obligado a resolver, como por la presente resuelvo no ha lugar el certiorari por los fundamentos anteriormente expresados."

Por lo que a la luz de los hechos de este caso tuvimos dudas en cuanto a si lo decidido recientemente en *Pueblo* v. *Tribunal Superior, María Figueroa, Interventora*, 81 D.P.R. 455, sostenía tal interpretación del Juez sentenciador, y habiéndose presentado una cuestión nueva sobre la cual no hemos dictaminado que envuelve la aplicación del art. 448 del Código de Enjuiciamiento Criminal al procedimiento de denuncia y citación simultáneas autorizado por la Ley 93 de 29 de junio de 1954, expedimos certiorari.

■ Por el referido estatuto la Asamblea Legislativa estableció y autorizó la denuncia y citación simultáneas ("ticket system") para infracciones sobre tránsito excepto aquellas infracciones expresamente excluidas. Dispuso en la sec. 1 que los formularios para las denuncias contendrán los espacios en blanco y materia impresa requerida para que las marcas que haga o blancos que llene el policía denunciante produzcan los elementos necesarios constitutivos del delito que se imputa. Al intervenir en la infracción, el policía firmará la denuncia que deberá contener la citación del acusado para comparecer ante el tribunal en una fecha determinada no anterior a cinco ni posterior a 15 días contados desde la fecha de la denuncia; le entregará una copia a la persona denunciada, jurará el original ante el funcionario competente y lo radicará en la sala correspondiente en el Tribunal de Distrito. Al así actuar el policía se considera para todos los efectos legales como un funcionario judicial. La sec. 3 de la ley dispone textualmente lo siguiente:

"Las personas denunciadas mediante el procedimiento aquí establecido podrán comparecer a formular alegación ante la sala

correspondiente del Tribunal de Distrito, en cualquier momento antes de la fecha que fije el formulario. A estos efectos el Tribunal podrá aceptar la copia de la denuncia entregada al denunciado en sustitución del original hasta que éste sea radicado. Si la persona denunciada hiciere alegación de inocencia o no compareciere ante el Tribunal, se ordenará la radicación de denuncia en la forma ordinaria y se señalará fecha para juicio."

De acuerdo con la sec. 4, al momento de intervenir el oficial de orden público requerirá del infractor la entrega de su licencia para conducir vehículos de motor en Puerto Rico. *"Si el infractor entregare su licencia no se le arrestará"*, y el oficial retendrá dicha licencia y le entregará en su lugar un recibo adecuado que operará como la licencia hasta la fecha señalada para la comparecencia ante el tribunal. La licencia será entregada al Secretario de la Sala correspondiente del Tribunal de Distrito al momento de radicarse la denuncia. En el curso del procedimiento el tribunal puede prorrogar el término durante el cual el recibo sirve los propósitos de la licencia, no más allá de la fecha de la expiración de ésta. Una vez *"resuelto"* el caso por el Tribunal de Distrito *"o en cualquier momento antes si el acusado presta fianza provisional a satisfacción del tribunal"*, la licencia le será devuelta a menos que medie alguna de las causas para la suspensión o cancelación de la misma o que ésta haya expirado. Toda licencia retenida por un oficial o por el tribunal se entenderá suspendida si el concesionario de la misma condujere un vehículo de motor provisto solamente del recibo después de haber expirado la vigencia de éste. Hasta aquí las disposiciones pertinentes de la Ley 93. (¹)

---

(¹) La sec. 5 de la Ley 93 contiene disposiciones específicas sobre el procedimiento a seguirse cuando se sorprende un vehículo de motor *sin conductor* estacionado ilegalmente. Conviene aclarar que no estamos considerando en modo alguno la situación que contempla la sec. 5 en casos de estacionamiento sin que se sepa quién es el conductor que estacionó el vehículo. Lo que hoy decidimos se limita a situaciones de hecho como las del caso de autos en donde ha habido una intervención de las autoridades en la forma descrita.

El art. 448 del Código de Enjuiciamiento Criminal (ed. 1935) 34 L.P.R.A., sec. 1631, dispone que a menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso (1) cuando una persona "haya sido detenida para responder por la comisión de un delito público" siempre que no se haya presentado acusación contra ella en el término de sesenta días desde su "detención".

Sostiene El Pueblo en primer lugar que el art. 448 en su inciso 1ro. no es aplicable a este procedimiento y arguye que dicho inciso implica la detención física y arresto del acusado, como etapa anterior a la radicación de la denuncia, para que comience a contar el término de sesenta días; y que al prescindirse en el sistema establecido por la Ley 93 de esta etapa previa de la detención física o arresto, ello hace el sistema incompatible e irreconciliable con el requisito de los sesenta días para la radicación de la denuncia. En otras palabras, que al prescindir de la detención física o arresto de la persona denunciada, el legislador eliminó el punto de partida del término de sesenta días y no puede invocarse, por lo tanto, esta disposición del art. 448. No tiene razón. Aparte de asumir que la expresión "detenida para responder de la comisión de delito público" en su sentido legal significa únicamente arresto o detención física de la persona y excluye todo lo que no sea esto, lo cual no es necesariamente así según exponemos más adelante, no es correcto que la Ley 93 elimina de este procedimiento la etapa del arresto o detención de la persona a cualesquiera fines pertinentes del art. 448. Más bien se condicionó por ley el arresto o detención, —cuyo sabido propósito es hacer comparecer al infractor al trámite judicial y que cumpla la sentencia que se le dicte o en su lugar hacer que preste fianza para garantizar dicha comparecencia,— al hecho de que la persona denunciada entregue al agente la licencia de conductor (en cuyo caso la Ley dice "no se le arrestará") como medio de asegurar su comparecencia, haciendo la retención de la

licencia las veces de una fianza.(²)    Un estatuto debe ser interpretado de manera que no derrote un propósito constitucional.    En vista del significado que le da a la expresión "detenida para responder", la interpretación del Procurador de la Ley 93 excluiría inevitablemente de estos procedimientos criminales la garantía constitucional de juicio rápido según la misma está legislativamente definida por las disposiciones del art. 448; en cuyo caso tendrían las cortes que producir su propia versión de la garantía en términos de tiempo.    Se aduce que no se vulnera el derecho constitucional ya que la propia ley dispone que la citación no se hará para fecha posterior a los 15 días de la denuncia, lo cual requiere sin duda que para esa fecha la "denuncia-citación" ("ticket") esté radicada en corte; y que en el caso de autos dos días después de los hechos ya había radicada una denuncia ("ticket") sobre la cual el infractor podía hacer alegación.

Ciertamente sería así, si a base de la "denuncia-citación" pudiera también celebrársele al acusado un juicio en los mé-

---

(²) Mientras no se resuelve el caso el acusado queda privado de su licencia y no puede conducir después del día para el cual fue citado a alegar en la "denuncia-citación", a menos que se le prorrogue la vigencia del recibo, o que prestando fianza en la forma ordinaria obtenga la devolución de dicha licencia.    El Hon. Arcilio Alvarado, al informar en el hemiciclo el Proyecto de la Cámara 1206, convertido en la Ley 93, expresó sobre el particular: "Se garantiza la comparecencia mediante un procedimiento que contiene el proyecto, a virtud del cual al intervenir el policía ocupa la licencia del conductor, se queda con ella y le da a cambio un recibo ya preparado de antemano, en debida forma y con las debidas garantías, que el policía firma, en donde hace constar que ha ocupado la licencia del conductor.    Y ese recibo funciona como una licencia hasta la fecha indicada para el juicio, para la comparecencia, la fecha última indicada para el juicio.    De manera, que la persona continúa conduciendo automóviles hasta cierta fecha, hasta la fecha del juicio, con ese recibo.    Su placa la reconquista y la tiene otra vez para tenerla consigo y llevarla, inmediatamente que su caso se despache en corte.    Y no habrá dificultad en eso.    Inmediatamente que se despache en corte, el Secretario, que ya tendrá la denuncia que llevó el policía, se la entregará, o si el policía no se la ha entregado todavía, pues dará la orden correspondiente para que se la entreguen.

Entendemos que esto es un gran sistema, *establece una garantía de comparecencia muy superior a la actual,* que no es ninguna excepto cuando se provee una fianza y aún así muchas veces se hace difícil localizar a las personas."    (Énfasis adicionado.)    Diario de Sesiones, Vol. IV, Tomo III, pág. 1488.

ritos y pasar el tribunal sobre su culpabilidad o inocencia. Pero la ley no lo dispuso así. La idea integral de un juicio rápido se concreta en ambos incisos del art. 448 eslabonados uno al otro: una acusación *presentada* dentro de determinado término no mayor de sesenta días, y un juicio a celebrarse dentro de 120 días a contar del día de la *presentación* de la acusación. De esa interdependencia de ambas disposiciones, el principio en nuestra jurisprudencia de que de no haber justa causa contraria, o renuncia, bajo una acusación presentada fuera de término no puede celebrarse válidamente el juicio aun cuando éste hubiere de efectuarse dentro de 120 días desde su presentación; y dicha acusación debe ser desestimada. Cf: *Pueblo* v. *Ayala*, 19 D.P.R. 936, reafirmado en *Pueblo* v. *Díaz*, 60 D.P.R. 540; *Ferrer* v. *Corte*, 60 D.P.R. 624; *Segarra* v. *Córdova*, 60 D.P.R. 468, 469; *Corbet* v. *Corte*, 46 D.P.R. 255; *Dyer* v. *Rossy*, 23 D.P.R. 772, 782; *Pueblo* v. *Cruz*, 34 D.P.R. 211, 212; *Pueblo* v. *Díaz*, 32 D.P.R. 889; *Pueblo* v. *Otero*, 30 D.P.R. 327 (pero véase *Pueblo* v. *Álvarez*, 50 D.P.R. 104 en cuanto al tiempo de solicitarse); *Ex parte Sánchez*, 45 D.P.R. 40, 42–43; *Pueblo* v. *Quilinchini*, 7 D.P.R. 211, 214.

Dijimos que la Ley 93 no permite la celebración de un juicio en los méritos a base del boleto ("ticket"). De no comparecer el infractor a alegar, o de hacer alegación de inocencia si compareciere, el estatuto dispone que *se ordenará la radicación de denuncia en forma ordinaria*. De ello se desprende que la preparación de la "denuncia-citación" en la escena de los hechos notificada al infractor, y su radicación en corte dentro de un breve plazo son pasos que la Ley 93 intercaló en el procedimiento con el único fin de que automáticamente se pueda recibir sin más reparos una alegación de culpabilidad si el infractor desea hacerla y se dicte sentencia, disponiéndose así en forma rápida de un considerable número de casos de tránsito. Llegado el día fijado para comparecer si el infractor no lo hace o si alega ser inocente, la función de la "denuncia-citación" termina y el caso sigue su trámite ordi-

nario excepto que por la infracción misma el acusado no tiene que prestar fianza mientras su licencia le quede retenida en el tribunal.(³)

Si se considerare que con la radicación en corte del boleto ("ticket"),—que no es la denuncia o acusación sobre la cual se pueda celebrar el juicio,—se da cumplimiento a lo dispuesto en el inciso 1ro. del art. 448, quedaría desvirtuado por completo el sentido de juicio rápido de la ley porque se rompería la integración de sus dos elementos, resultando en consecuencia que hasta el momento en que expirase el período de un año para la prescripción del delito la denuncia "ordinaria" podría presentarse con o sin justa causa para la dilación, y a fin de cuentas celebrarse un juicio mucho tiempo después de lo que la ley ha contemplado. Procede concluir pues, que para dar cumplimiento a lo estatuido en el inciso 1ro. del art. 448 la denuncia "ordinaria" que ha de servir para el juicio del infractor debe radicarse, en ausencia de justa causa contraria, dentro del término de 60 días provisto en dicho inciso.

Esto nos lleva a un segundo punto que es: a partir de cuándo debieron contarse en este caso los 60 días, para ver

_____

(³) A este respecto, expresó el Sr. Alvarado mientras informaba el proyecto:

"Le entrega la citación para un día determinado que no puede ser antes de cinco ni después de quince. Hay un margen de diez días, y al mismo tiempo le entrega la denuncia que, al llenar los blancos, pues quedó establecida *esquemáticamente.* Con ese documento en su mano y ya citado, el individuo puede ir en cualquier momento al tribunal, *si desea hacer declaración de culpabilidad.*"

. . . . . . .

"Al él comparecer, si no es culpable, hace alegación de no culpable. Si es culpable, pues hace su alegación y le sentencian inmediatamente y él paga su multa y está despachado, puede irse para su casa. Si no es culpable, hace su alegación de inocencia. Si hace alegación de inocencia, pues entonces se celebra un juicio en su oportunidad, *con una denuncia redactada en la forma clásica jurídica, con los ingredientes del delito, y se sigue un procedimiento como el actual.* Pero facilita grandemente el procedimiento para cuando la persona desea hacer declaración de culpabilidad, y mantiene fuera de los tribunales a un gran número de policías y testigos que ahora son citados inútilmente porque llegan allí y lo que pasa es que el acusado se declara culpable.

"Para hacer la declaración de culpabilidad no hay que citar al policía

si en diciembre 3, 1958 fecha en que se radicó la denuncia "ordinaria" habían expirado o no. Sostiene el Procurador General que aun de ser aplicable en estos casos el art. 448, el 30 de septiembre de 1958 el peticionario no estuvo detenido para responder "por la sola razón de que en esa fecha un agente de orden público le citase y 'denunciase' y le requiriese la entrega de su licencia de conductor." Después de discutir el caso de *María Figueroa*, supra, concluye que no ve "cómo un acusado que no está físicamente detenido, ni ha sido en forma alguna arrestado, y ni tan siquiera está obligado a comparecer a un tribunal, pueda encontrarse detenido para responder ("held to answer") por la comisión de un delito aún dándole la interpretación más amplia a las referidas palabras del artículo 448(1) del Código de Enjuiciamiento Criminal."

Sobre el alcance y significado legal de la frase "detenida para responder de la comisión de un delito público" usada en el inciso 1ro. del art. 448 contamos ya, afortunadamente, con el acabado estudio hecho en el caso de *María Figueroa*, supra. Nada más podría decirse. Ante la tesis allí presentada de

---

y privar al pueblo de sus servicios, ni citar a los testigos, sino él va solo y se declara culpable en cualquier fecha." (Énfasis adicionado.) Diario de Sesiones—Tomo IV, Vol. III, pág. 1488.

En vista de que sobre el boleto ("ticket") puede dictarse sentencia condenatoria a base de una declaración de culpabilidad, la ley exige para satisfacer el requisito constitucional,—Art. II, Sec. 11, que la "denuncia-citación" también contenga los elementos necesarios constitutivos del delito.

El sistema de citación es común en los estados pero con frecuencia el procedimiento se reglamenta administrativamente (New York) o por ordenanzas locales y no es muy uniforme. No hemos tropezado con un precedente directamente aplicable a este caso. En California, cuyo procedimiento es el más parecido, si el acusado firma comprometiéndose a comparecer no se le arrestará. (El no comparecer después de comprometerse es por si mismo un delito separado menos grave.) Si el infractor no comparece o si hace alegación de inocencia, debe radicarse denuncia jurada como dispone el Código Penal y se siguen los procedimientos ordinarios. Pero distinto a nosotros, California permite que el infractor renuncie por escrito a la radicación de la denuncia formal y que se le juzgue a base de la citación. *Vehicle Code of 1959, Procedure on Arrests*, secs. 40300-40515. (40513), 67 West's *Anno. Cal. Codes* (1960). En *Ralph v. Police Court of City of El Cerrito*, 190 P.2d 632 (1948) se sostuvo en California que la

que se está detenido para responder de la comisión de un delito desde que un agente del orden público u otra persona autorizada a practicar arrestos observa pasivamente hechos delictivos, aunque no medie intervención de índole alguna de su parte, con suma claridad expresamos: [81 D.P.R. 458-459]

"Un análisis de la letra del artículo arroja luz sobre el significado de la frase 'held to answer' y permite fijar los dos polos entre los cuales ha de transcurrir el término de sesenta días. El punto final es la fecha de presentación de la acusación—*Pueblo* v. *Petrovich,* 36 D.P.R. 609, 610 (1927)—y el otro, obviamente, tiene que referirse a un acto anterior a ese hecho. Sabemos también que necesariamente tiene que existir la actuación de un tercero (agente oficial) con relación a la persona: es otro el que causa que 'a person has been held to answer'. Además, es obvio que la persona tiene que tener conocimiento de la acción de ese tercero que la coloca en la posición de estar 'held to answer'. Nadie podría responder si está totalmente ignorante del acto que lo obliga a responder. Finalmente, ese acto del tercero tiene que ser uno que coloque a la persona en posición de tener que 'responder por la comisión de un delito público'; cualquier otro acto que no tenga ese alcance no se ajustaría a la letra del inciso. En resumen, esta operación exegética demuestra que el punto de partida para computar los sesenta días tiene que ser el acto de

---

corte carecía de jurisdicción para enjuiciar a un infractor de tránsito que había hecho alegación de no culpable a la "citación", sin que se hubiera radicado la denuncia ordinaria que dispone el Código, no habiendo dicho infractor renunciado a la misma. En *People* v. *Agnew,* 242 P.2d 410 (Cal. 1952) se resolvió que había sido un error (aunque por otras disposiciones estatutarias no dio lugar a revocación) el celebrarle juicio a un infractor que habiendo hecho alegación de no culpable al citársele bajo el *"ticket",* se radicó denuncia formal y se le celebró juicio sin habérsele citado a hacer alegación (arraignment) contra esta denuncia. En *People* v. *Scott,* 3 N.Y.2d 148, 143 N.E.2d 901 (1957), refiriéndose a su propio sistema de citación, (el ticket no está jurado y se interpretó como una mera notificación a comparecer para ser acusado de determinado delito), Nueva York anuló una sentencia dictada a base de alegación de culpabilidad hecha a la citación, sin haberse radicado denuncia jurada corriente. No insinuamos siquiera que tal sería la situación aquí. En *Yunker* v. *Quillin,* 275 P.2d 240 (1954) Oregon consideró suficiente una denuncia en forma de citación ("ticket") con la información que contenía para basar en ella la convicción del acusado. La ley aparentemente aplicada, Leyes de Oregón 1953, Cap. 162, no disponía como la nuestra que deberá ordenarse la radicación de denuncia ordinaria si no se alega culpabilidad.

un tercero, anterior a la presentación de la acusación, conocido por la persona afectada y que tenga el efecto legal de obligar a esa persona a responder por la comisión de un delito público."

Se explica entonces cómo históricamente la frase de nuestro artículo se origina en el art. 872 del Código Penal de California como la determinación del magistrado que presidía la vista preliminar, después de oir prueba de la comisión de un delito, ordenando que se detuviera al querellado para responder de dicho delito, determinación ésta que producía automáticamente el auto de prisión o encierro del querellado a disposición de las autoridades (art. 873) hasta futuros procedimientos (art. 809 antes, hoy 739) o hasta que prestara fianza si la naturaleza del delito lo permitía (art. 875); y como aquí, donde no se trajo la vista preliminar, la frase se identificó con el acto del arresto y detención de la persona: "lo mismo cuando se presentara una denuncia como cuando se tratara de una acusación, y sin que causara diferencia alguna que la actuación inicial fuera de la responsabilidad de un juez, un fiscal o un policía, el arresto o detención de la persona por la comisión de un delito marcaría la fecha desde la cual se comenzaría a contar el término." [81 D.P.R. pág. 463.]

En su histórico sentido legal, por su origen, la frase significaba algo más que el concepto de la detención física o arresto. Como cuestión de realidad, ya al comparecer ante el magistrado la persona había sido arrestada con o sin un mandamiento, y hasta podía haber prestado fianza inclusive. (Cal. arts. 813–829; 834–851; 858.) La frase no fue pues, sinónima de detención física, aunque comprendía ésta. Incluía además la conclusión o determinación del magistrado, acto oficial, de que una persona debía responder ante la ley de la comisión de un delito, si bien bajo nuestra situación procesal toda detención o arresto del infractor por autoridad competente constituye ya la detención para responder a los efectos del término de 60 días. En el estricto sentido legal de la frase, la palabra "detenida" no puede tomarse enteramente aislada del resto de la misma.

Pueden crearse situaciones, como la que presenta la Ley 93 aquí envuelta y presentaba el anterior método para encausar criminalmente a las corporaciones, o bajo cualquier procedimiento que dispense del arresto (⁴) en que la detención física no tenga lugar y sin embargo una persona queda obligada o esté sujeta a tener que responder por la comisión de un delito. Por tales razones no revocamos el caso de *Pueblo* v. *Carmen Centrale*, 46 D.P.R. 494, más bien explicamos su alcance. En esas situaciones, el art. 448 debe interpretarse de modo que no frustre la garantía constitucional de juicio rápido.

Sostener en este caso que, denunciado el peticionario en 30 de septiembre de 1958 por una violación de tránsito en el momento en que ocurría la infracción; citado ya en esa fecha con copia de la denuncia para comparecer al Tribunal a hacer alegación, siendo por ley imperativo el que se radique la denuncia; privado por el agente de su licencia de conductor como una garantía de comparecencia que hace las veces de una fianza y que lo exponía a sanción penal si conducía después de la fecha de la comparecencia, no significa que el peticionario quedó desde ese día obligado o sujeto a responder de la comisión de un delito público, sería dejar huecas sin contenido alguno las palabras de la opinión de *María Figueroa*, primeramente transcritas. Habiéndose radicado la denuncia por la cual ha de juzgarse al peticionario después de transcurrido el término de sesenta días a partir del 30 de septiembre de 1958, y no habiéndose levantado por El Pueblo cuestión alguna de justa causa contraria para la dilación, la misma debió archivarse.

*Por las razones anteriormente expuestas se anula la resolución recurrida dictada por la Sala de Bayamón del Tribunal Superior y se devuelven los autos al Tribunal de instancia para ulteriores procedimientos compatibles con esta opinión.*

(⁴) Véanse, como ejemplo la Regla 4(a), (b)(2) Federal y la Regla 7(a) de Procedimiento Criminal sometida a la Asamblea Legislativa en 21 de enero de 1960.