EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. PABLO JUAN Y TORO, JUEZ, demandado.

Número 2372.

*Sometido:* 7 de mayo de 1959. *Resuelto:* 26 de enero de 1961.

48

*Hon. Secretario de Justicia J. B. Fernández Badillo, Arturo Estrella, Secretario Auxiliar de Justicia, Alfredo Archilla Guenard y William Fred Santiago, Fiscal y Fiscal Auxiliar, respectivamente, del Tribunal Supremo, abogados de El Pueblo.*

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El día 27 de septiembre de 1956, se presentó en la Corte de Distrito de los Estados Unidos para el Distrito de Puerto Rico, una acusación contra Gumersindo Castellano Arroyo, porque dicho acusado fraudulentamente recibió, ocultó, facilitando su transportación y ocultación, cierta cantidad de cloruro de morfina hidroacético, conocida generalmente como heroína, en forma contraria a la ley, violando así la sección 174 del título 21 del Código de Estados Unidos que dispone:

"Toda persona que fraudulentamente o a sabiendas importe o traiga narcóticos a los Estados Unidos o a cualquier territorio bajo su control o jurisdicción, en violación a la ley, o reciba, oculte, compre, venda o en cualquier manera facilite el transportar, ocultar o vender algunos de dichos narcóticos después de haber sido importados o traídos, a sabiendas que los mismos han sido importados o traídos a los Estados Unidos en una forma contraria a la ley, o conspire para cometer cualquiera de esos actos en violación de las leyes de los Estados Unidos, será puesto en prisión por un término no menor de cinco años ni mayor de veinte años y en adición podrá imponérsele una multa que no exceda de $20,000. Por una segunda o subsiguiente ofensa, (según se determina en la sección 7237 (c) del Código de Rentas Internas de 1954), el acusado será puesto en prisión por un término no menor de diez años ni mayor

de cuarenta años, y en adición podrá imponérsele una multa que no exceda de $20,000 . . ."

La vista de dicha acusación se celebró el 26 de marzo de 1957 y el acusado fue declarado culpable en esa misma fecha.

El día 27 de marzo de 1957, se presentó en el Tribunal Superior de Puerto Rico, Sala de San Juan, otra acusación contra el mismo Gumersindo Castellano Arroyo, porque dicho acusado, mientras prestaba servicios como Auxiliar de Hospital en la Cárcel de Distrito de San Juan, introdujo y circuló en la referida institución penal una cantidad de morfina, entregándola al confinado Richard Cabassa, quien estaba detenido en la Cárcel de Distrito mencionada, violando de esta manera el artículo 155 del Código Penal de Puerto Rico, según quedó enmendado por la Ley número 147 de 26 de abril de 1951, —33 L.P.R.A. 814, sección 512—, que dispone:

". . . Toda persona que en contravención a la ley vendiere o ayudare a vender o circular, o que intentare introducir, vender o circular, o que introduzca, venda o circule, drogas, narcóticos o estupefacientes . . . a un confinado en una institución penal, prisión o cárcel en Puerto Rico o en los terrenos de la misma, incurrirá en delito grave y convicta que fuere será castigada, con multa máxima de diez mil (10,000) dólares o prisión por un término no menor de uno ni mayor de diez años, o ambas penas a discreción del tribunal."

Contra esta segunda acusación, el acusado presentó una solicitud de archivo, por los siguientes fundamentos: (1) porque habiendo sido arrestado el acusado el 25 de agosto de 1956, no se radicó acusación hasta el 27 de marzo de 1957, fuera del máximo de los sesenta días provistos para la presentación de dicha acusación por el artículo 448 del Código de Enjuiciamiento Criminal de Puerto Rico; (2) porque habiendo sido acusado por el gran jurado federal por el delito antes descrito y declarado culpable el 26 de marzo de 1957, y siendo iguales los hechos envueltos en ambas acu-

saciones, la acusación ante el Tribunal Superior de Puerto Rico, lo sometía a una segunda exposición por la misma causa, violando sus derechos constitucionales. La ilustrada Sala de San Juan ordenó el archivo de la segunda acusación, aunque sin fundamentar su resolución.

■ Lo que demuestra el expediente original remitido a nosotros, después de la expedición del auto de certiorari, es que la orden de arresto expedida por el Tribunal Superior de Puerto Rico, lo fue el 27 de marzo de 1957, o sea, en la misma fecha que se presentó la acusación, al día siguiente de haber sido declarado culpable por el Tribunal federal. De la transcripción de la vista de la solicitud de archivo, no se desprende con exactitud, si el alegado arresto anterior se hizo para garantizar su comparecencia a responder por la violación de la sección 174 del título 21 del Código de Estados Unidos o para responder por la violación del artículo 155 del Código Penal de Puerto Rico, según enmendado. Siendo esto así no tenemos por qué detenernos a considerar el primer fundamento. *Pueblo* v. *Tribunal Superior*, 81 D.P.R. 455 (Serrano Geyls) (1939), cita precisa a la página 464 et seq.; *Martínez* v. *Tribunal Superior*, 81 D.P.R. 945 (Santana Becerra) (1960), cita precisa a la página 958.

■ Para resolver el segundo fundamento, hemos adoptado la posición más segura, aquella que autoriza el doble enjuiciamiento (prosecution) en virtud de un mismo estatuto pero con distintas modalidades delictivas (counts). La jurisprudencia es clara en el sentido, que si se trata de dos situaciones de hecho distintas, aunque punibles bajo el mismo estatuto, el segundo enjuiciamiento por una modalidad distinta a la primera, no constituye una doble exposición. Tratándose como se trata en este caso de dos modalidades del delito de tráfico y venta de drogas, es claro que si el primer enjuiciamiento sólo cubrió la introducción y ocultamiento ilegales de la droga, prohibida por la sección 174 del título 21 Código de Estados Unidos y el segundo sólo cubrió la introducción de la droga en una cárcel de Puerto Rico, prohibida

por el artíclo 155 del Código Penal de Puerto Rico, según enmendado, se trata de dos delitos distintos y cualquier enjuiciamiento posterior por el segundo acto no constituye una doble exposición: *Gore* v. *United States,* 357 U.S. 386, 2 L. ed. 1405 (Frankfurter), (1958), cita precisa a las páginas 392–393 U. S., 1410 L. ed.; *Blockburger* v. *United States,* 284 U. S. 299, 76 L. ed. 306 (Sutherland), (1932), cita precisa a la página 303 U. S., 309 L. ed.

En el caso de *Blockburger* se resuelve que un solo acto puede constituir una violación de dos disposiciones de un mismo estatuto, y si cada disposición requiere prueba de un hecho adicional que no requiera la otra—venta a un confinado, por ejemplo—cualquier convicción o absolución bajo cualesquiera de las dos disposiciones, no prohibe el enjuiciamiento y condena bajo la otra.

Siendo esto así, no tenemos por qué considerar ahora el problema de la actual relación política entre Puerto Rico y los Estados Unidos: *Bartkus* v. *Illinois,* 359 U. S. 121, 3 L. ed. 684 (Frankfurter) (1959), cita precisa a las páginas 132–138 U. S., 691–695 L. ed.

*Debe revocarse la resolución ordenando el archivo del caso y devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.*