EL PUEBLO DE PUERTO RICO, demandante y recurrido, *v.* JOSÉ M. RAMOS, acusado y recurrente.

*Número:* CE-64-31        *Resuelto:* 30 de junio de 1965

*Miguel A. Ferrer* y *Raúl Ramos Torres,* abogados del recurrente; *J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Procurador General Auxiliar,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

El 1ro. de enero de 1964 un Policía denunció a José M. Ramos por infracción a la Ley de Vehículos y Tránsito, Ley Núm. 141 de 20 de julio de 1960, bajo el Sistema de Denuncia y Citación Simultáneas. Sec. 9-101, 9 L.P.R.A. (ed. 1963) secs. 1491 y ss.

Llamado el caso para juicio ante la Sala de Cabo Rojo del Tribunal de Distrito, se pidió el archivo y sobreseimiento de la denuncia porque no se había declarado causa probable por un magistrado conforme a las Reglas de Procedimiento Criminal. En una fundamentada resolución por escrito la Sala de Cabo Rojo se negó a ordenar el archivo y sobreseimiento, pero paralizó el juicio y dispuso la citación en fecha oportuna del Policía y del acusado para el "acto de declaración de causa probable" en la propia Sala.

El Pueblo de Puerto Rico acudió a la Sala de Mayagüez del Tribunal Superior en *certiorari* para revisar la anterior resolución. La Sala de Mayagüez no estuvo de acuerdo y dictó fallo anulando el del Tribunal de Distrito. A instancias del acusado expedimos *certiorari* al Tribunal Superior, en parte, para dejar sentada de manera uniforme en todo el Tribunal de Primera Instancia la norma a seguir.

Adoptamos por primera vez el sistema de denuncia-citación simultáneas por la Ley Núm. 93 de 29 de junio de 1954. Se dispuso que al intervenir con la infracción comprendida en la Ley el policía firmaría la denuncia que ya contendría la citación del acusado para comparecer al Tribunal, entregaría copia al acusado y juraría el original a ser radicado en la Sala correspondiente del Tribunal de Distrito. Dispuso la Ley Núm. 93 que al actuar así, para todos los fines legales *el policía se consideraría como un funcionario judicial.* Se dispuso también que al intervenir, el agente del orden público requeriría del infractor la entrega de la licencia y si fuera entregada, no arrestaría al infractor. Si la persona denunciada no comparecía, o al comparecer hacía alegación de inocencia el juez debía ordenar *la radicación de una denuncia en forma ordinaria.* Véase, en relación con este procedimiento, *Martínez* v. *Tribunal Superior*, 81 D.P.R. 945 (1960).

El sistema de denuncia-citación simultáneas se trasladó sustancialmente igual a la Ley de Tránsito de 1960. Quedó en pie la disposición de que para todos los fines legales, el

policía al intervenir se considera como un funcionario judicial. Se modificó la disposición de comparecencia, la cual ahora permite que el proceso en los méritos se vea a base del formulario o boleto radicado, aunque se haga alegación de inocencia, excepto si se alega que el formulario no informa adecuadamente el delito o si se aduce que los hechos no constituyen delito público, en cuales casos se ordenará la radicación de una denuncia en forma ordinaria.

Distinto a la situación en *Dorado Beach* v. *Tribunal Superior*, 92 D.P.R. 610 (1965), la acción legislativa que aquí se alega está en pugna con las Reglas de Procedimiento fue anterior a la adopción de dichas Reglas en 1963. En el caso de *Dorado* la legislación fue posterior.

Las Reglas 5, 6 y 7 de Procedimiento Criminal en conjunto disponen los trámites para determinar causa probable por un magistrado para el arresto, que tiene que estar precedido por una denuncia por escrito que impute la comisión de un acto delictivo por la persona denunciada. En el sistema de denuncia-citación la entrega de la licencia sustituye al arresto y no lo hay. La citación en verdad no la hace un magistrado como dispone la Regla 7(a) pero está dispuesto que al intervenir, denunciar y citar, el policía actúa como un funcionario judicial.

El problema, de haber alguno, es que según la Regla 22(c) el magistrado debe remitir la denuncia o citación a la Sección o Sala correspondiente del Tribunal de primera instancia para que se dé cumplimiento a los demás trámites. Dichos trámites posteriores es la celebración del juicio según reza la Regla 24, la que también dispone que la denuncia enviada por el magistrado "servirá de base al mismo." Por otra parte, si bien la Regla 5 dispone que una denuncia por información y creencia no puede servir de base al juicio a menos que un magistrado haya determinado causa probable, en el sistema que consideramos no puede darse el caso, porque el agente tiene que presenciar la infracción.

Como cuestión realista no vemos conflictos irreconciliables entre el sistema de denuncia-citación simultáneas en los casos en que se aplica y el procedimiento de las Reglas, no estando un arresto de por medio. Pero si existiera tal conflicto, debemos resolver que el procedimiento del sistema es uno integrado estatuido por el Legislador con miras a una política pública específica en busca de fines deseables en la materia de tránsito en general. A menos que en las Reglas hubiera alguna disposición expresa, con la subsiguiente aceptación directa o implícita de la Legislatura suplantando el sistema, no diremos que éste ha quedado sin efecto. Subsiste como un procedimiento especial con fines específicos.

Las Reglas de Procedimiento Criminal de 1963 no han derogado el sistema de denuncia-citación simultáneas, y los juicios en los méritos por estas infracciones pueden verse con el formulario o boleto como base, excepto en los casos en que el propio sistema dispone que se radicará denuncia ordinaria.

*Se anulará el auto expedido, y se devolverán los autos a la Sala de instancia para procedimientos ulteriores compatibles con lo aquí dispuesto.*

Los Jueces Asociados Señores Hernández Matos y Blanco Lugo no intervinieron.