GLADYS MARRERO DE VILLAFAÑE, peticionaria y apelante, *v.* ALCAIDE DE LA CÁRCEL DE DISTRITO DE SAN JUAN, demandado y apelado.

*Número:* AP-65-24      *Resuelto:* 14 de octubre de 1965

*William Fred Santiago* y *Nilda M. Cordero de Gómez,* abogados de la apelante; *J. B. Fernández Badillo, Procurador General,* e *Irene Curbelo, Procurador General Auxiliar,* abogados del apelado.

PER CURIAM: Julio Villafañe se encuentra en la Cárcel de Distrito de San Juan extinguiendo una condena por un delito de violación a la Ley de Drogas.

En beneficio suyo, su esposa radicó una solicitud de *Hábeas Corpus* ante el Tribunal Superior, Sala de San Juan, alegando que la sentencia que cumplía dicho confinado era ilegal y nula en vista de que el recluso Villafañe había sido arrestado once meses (trece meses, según se alegó durante la vista) después que el agente encubierto tuvo conocimiento de la comisión del delito.

Se expidió el auto y el día señalado para la vista, la peticionaria solicitó que se declarara con lugar el recurso en vista de que no se había radicado una contestación (*return*). Esta solicitud fue declarada sin lugar y entonces el abogado de la peticionaria y el Fiscal procedieron a discutir la cuestión legal planteada en la solicitud de Hábeas Corpus, luego de lo cual el Tribunal declaró sin lugar el recurso.

Sostiene en apelación que el Tribunal sentenciador cometió error (1) al entender en la vista del Hábeas Corpus sin haber una contestación (*return*) al mismo, y (2) al sostener la validez del proceso seguido contra el acusado a pesar de haberse radicado la acusación 15 meses después de la comisión del delito.

Los errores no fueron cometidos. Si no se había radicado una contestación (*return*) claramente el remedio no era el que solicitó la peticionaria, esto es, que de plano se declarara

con lugar el Hábeas Corpus y se decretara la excarcelación del recluso. Del expediente no surge que el auto de hábeas corpus fuera notificado al Alcaide de la Cárcel. Por el contrario, el Juez sentenciador afirma en su sentencia que no fue notificado. Por otro lado, al denegarse la solicitud para que se declarara con lugar el Hábeas Corpus, las partes, sin más reparo, ni solicitud de algún otro remedio procedieron a discutir el recurso en sus méritos. La falta de radicación de la contestación (*return*) no perjudicó en forma alguna los derechos del recluso.

La cuestión planteada por la peticionaria ha sido ya resuelta en su contra por este Tribunal en los casos de *Pueblo* v. *Seda,* 82 D.P.R. 719 (1961); *Pueblo* v. *Tribunal Superior,* 81 D.P.R. 455 (1959) y *Martínez* v. *Tribunal Superior,* 81 D.P.R. 945 (1960).(¹) La fecha en que el agente observó la comisión del delito no es el punto de partida para determinar si se violó el derecho a un juicio rápido del acusado, si no se le enjuició dentro determinado período de tiempo, excepto en aquellas situaciones extraordinarias que señalan los casos arriba citados, ninguna de las cuales concurre en el presente.

*Se confirmará la sentencia apelada.*

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Santana Becerra no intervinieron.

---

(¹)Véase además, *Jackson* v. *United States,* 34 U.S.L. Week 2153 y *Powell* v. *United States,* 34 U.S.L. Week 2129.