Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| RAYMOND GEOVANNY VALENTIN PACHECO<br><br>Apelante<br><br>v.<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS, MAPFRE PRAICO INSURANCE COMPANY EN REPRESENTACIÓN DE LA AAA, DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS, MUNICIPIO AUTÓNOMO DE MAYAGÜEZ MAPFRE PRAICO INSURANCE COMPANY EN REPRESENTACIÓN DEL MUNICIPIO DE MAYAGÜEZ<br>Apelados | KLAN202500427 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Núm. MZ2024CV01591<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## **SENTENCIA**

En San Juan, Puerto Rico, a 12 de septiembre de 2025.

Comparece Raymond Geovanny Valentín Pacheco, (Sr. Valentín Pacheco o parte apelante), solicitando que revoquemos la *Sentencia Parcial* emitida el 9 de abril de 2025 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI). Mediante dicha determinación, el foro primario acogió una *Moción de Desestimación* presentada por los codemandados Municipio de Mayagüez (el Municipio), y MAPFRE PRAICO Insurance Company (MAPFRE), (en conjunto, parte apelada), al juzgar que la causa de acción instada por el Sr. Valentín Pacheco contra estos se encontraba prescrita. En específico, el TPI le atribuyó falta de diligencia al Sr. Valentín Pacheco para descubrir quién era la persona causante del daño por el que reclamó ser indemnizado, lo que causó que la *Demanda* fuera presentada fuera de término.

Contrario a ello, la parte apelante sostiene que el tracto procesal demuestra su acción afirmativa en lograr conocer el verdadero causante del daño, y a esos efectos incluyó a la parte apelada como codemandada en cuanto conoció que ostentaba la jurisdicción del lugar donde acontecieron los daños.

No nos persuade, *Confirmamos.*

## I. Resumen del tracto procesal

Según fue alegado en la *Demanda* sobre daños y perjuicios presentada por el Sr. Valentín Pacheco; **el 7 de enero de 2020**, a eso de las 6:50 p.m., se dirigía hacia la Calle Arroyo Mestre en el Municipio de Mayagüez, para llevar una caja de agua a la casa de un amigo. Adujo que, al llegar a dicha casa y bajarse del vehículo de motor, su pierna derecha cayó dentro de una alcantarilla, mientras que su pierna izquierda se dobló y golpeó contra el acero de esta. En consecuencia, al día siguiente se dirigió a la sala de emergencias del Hospital Perea en Mayagüez para ser atendido de las lesiones sufridas por la caída.

En la misma *Demanda* se dedicó buena parte de las alegaciones a describir los trámites administrativos y gestiones efectuadas por el señor Valentín Pacheco para reclamar los daños sufridos, e interrumpir los términos prescriptivos. Sobre ello se aseveró que, el 30 de diciembre de 2020, notificó por escrito de los hechos alegados a: la Autoridad de Acueductos y Alcantarillados, (AAA); la Autoridad de Carreteras y Transportación (AC); 3) el Departamento de Transportación y Obras Públicas (DTOP). De igual forma, se afirmó que, entre enero de 2021 y marzo de 2024, el señor Valentín Pacheco sostuvo sucesivas comunicaciones con las personas y agencias antes mencionadas.

Entonces, luego de tales intercambios con las referidas agencias o corporaciones públicas, **el 6 de marzo de 2024**, la representante de la AAA le remitió una carta al apelante indicándole que dicha corporación pública no tenía "custodia, control, ni mantenimiento de los alcantarillados

pluviales", por lo que le sugirió que refiera la misma al Municipio donde ocurrió el accidente.

Se siguió alegando en la *Demanda* que, una vez le fue transmitida la información sobre el Municipio, el **25 de marzo de 2024**, le envió una carta para notificarle sobre la lesión ocurrida, cuya indemnización se encontraba reclamando. Arguyó que esta notificación le fue remitida al Municipio dentro de los noventa de haber conocido que era quien ostentaba la jurisdicción sobre el alcantarillado, cumpliendo con el término exigido en el Artículo 1.051 de la Ley Núm. 107-2020, según enmendada, *Código Municipal de Puerto Rico,* 21 LPRA sec. 7082.

Se alegó, además que, el 5 de abril de 2024, MAPFRE, en representación de la AAA, le envió una comunicación escrita en los siguientes términos:

> Relacionado al caso de referencia, por este medio le informamos que MAPFRE PRAICO INSURANCE COMPANY ha concluido con la investigación del evento que motiva el reclamo de su cliente, Raymond Giovanny Valent[í]n Pacheco. Dicha investigación refleja que nuestro asegurado la AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS (AAA/PRASA) no tiene jurisdicción sobre las alcantarillas que ubican en la Calle Mestre en Mayagüez, Puerto Rico. De acuerdo con lo anterior, no es posible asumir responsabilidad y/o negligencia por el referido incidente ni los daños alegados. A esos efectos, estamos procediendo a cerrar nuestro expediente, sin trámite adicional.[1]

Se incluyó como alegación, además, que, el 25 de abril de 2024, el Municipio acusó recibo de la comunicación sobre los daños causados que se le había cursado, pero este le informó al Sr. Valentín Pacheco sobre el cierre del expediente por prescripción.

Sobre las cartas que el Sr. Valentín Pacheco adujo en la *Demanda* que envió a las distintas agencias mencionadas, transcribimos *in extenso* las siguientes:

> 22. Con fecha de **29 de abril de 2024** notificadas a la Sra. Anelle Ramos Reyes, y a la Sra. Ashley González se envía misiva: "**Mucho le agradeceremos que se nos certifique que la alcantarilla ubicada en la Calle Arroyo Mestre en**

---

[1] Apéndice del recurso de apelación, págs. 11-18.

**Mayagüez para la fecha de 7 de enero de 2020, no le pertenece a ustedes y nos informe a su vez a quien le pertenece**."

23. En **1 de mayo de 2024**, la Sra. Ashley González, envía correo electrónico informando Reporte de Investigación realizada por la Sra. Cheryl López.

24. En **3 de mayo de 2024**, notificada a DTOP y la Sra. Rosana Aguilar, Ingeniera de la Autoridad de Carreteras, se remite misiva interrumpiendo término "prescriptivo".

25. En **6 de mayo de 2024** notificada a la Sra. Vivien S. Flores, representante de Mapfre (Municipio de Mayagüez) se acusa recibo de misiva enviada el **25 de abril de 2024**, y se informa sobre comunicaciones enviadas en cumplimiento con el requisito de notificación a los Municipios, Ley de Código Municipal de Puerto Rico, Ley Núm. 107 de 2020.

26. En **11 de junio de 2024**, se remitió a la atención de la Sra. Ashley González, ajustadora de Mapfre en representación de la AAA, misiva **solicitando se certifique qui[é]n tiene la jurisdicción sobre la alcantarilla** e informando que las fotografías suministradas por Mapfre sobre la alcantarilla inspeccionada por la AAA no son de la alcantarilla donde el Sr. Valentín Pacheco sufrió caída.

27. En **12 de junio de 2024**, la Sra. Ashley González, ajustadora de Mapfre en representación de la AAA confirma recibo de misiva e informa sobre investigación realizada y sobre el cierre del expediente.

28. En **7 de agosto de 2024**, la Sra. Vivien Flores, ajustadora de Mapfre en representación del Municipio de Mayagüez, informa sobre cierre de expediente por "prescripción".

29. En **30 de agosto de 2024**, la Sra. Ashley González, ajustadora de Mapfre en representación de AAA, **informa que la AAA no tiene jurisdicción sobre las alcantarillas que ubican en la Calle Capestany.**

30. En **12 de septiembre** se remitió a la atención de la Sra. Ashley González, ajustadora de Mapfre en representación de AAA, **se le solicitó nuevamente la certificación de sobre a quién le pertenecían las alcantarillas en la Calle Capestany intersección con la Calle Mestre**.[2]

También, fue alegado que, el **13 de septiembre de 2024**, la Sra.

Ashley González, ajustadora de MAPFRE, en representación de la AAA,

informó:

Gran parte de las fotografías remitidas por usted en el día de ayer ya las había compartido por correo electrónico **el 11 de junio de 2024**. Dichas fotografías fueron enviadas a nuestro Asegurado (PRASA/AAA) en la misma fecha y este se reiteró en

---

[2] *Íd.*, págs. 13-14; 77-153. (Énfasis provisto).

que ninguna de las alcantarillas pluviales que están en la calle Capestany son parte de su jurisdicción. **En cuanto a quién le pertenecen las alcantarillas, desconocemos; la investigación de titularidad recae sobre usted**.[3]

En definitiva, el señor Valentín Pecheco presentó la *Demanda* cuyas alegaciones hemos descrito en los párrafos que preceden **el 16 de septiembre de 2024**, incluyendo como partes demandadas a las siguientes: el Municipio, la AAA, el DTOP, MAPFRE en representación de la AAA, y MAPFRE en representación del Municipio.

En respuesta, el Municipio y su aseguradora, MAPFRE, presentaron una *Moción de Desestimación* al amparo de la Regla 10.2 de Procedimiento Civil, infra. En síntesis, sostuvieron que el apelante había presentado la demanda en su contra **a cuatro (4) años de haber ocurrido el accidente por el cual reclamaba ser indemnizado**, sin cumplir con el término legal para notificarle su intención de demandar, ya estando prescrita la causa de acción, ni haber mostrado la mínima diligencia para identificar la parte que tenía jurisdicción sobre el alcantarillado.

A raíz de ello, la parte apelante presentó una *Moción en oposición a la petición de desestimación*. En esta, resumió sus gestiones extrajudiciales para tramitar el caso, y arguyó que, por virtud de la teoría cognitiva del daño, la causa de acción no estaba prescrita con respecto al Municipio, toda vez que presentó la *Demanda* dentro del término de un (1) año desde que la AAA le comunicó que no era la titular de los alcantarillados pluviales, el 6 de marzo de 2024. Afirmó, además, haber notificado oportunamente de la reclamación al Municipio, según lo dispone el término previsto en el Código Municipal.

Evaluada la moción dispositiva y su oposición, el TPI emitió la *Sentencia Parcial* cuya revocación nos solicita el Sr. Valentín Pacheco, desestimando la causa de acción dirigida contra el Municipio y su aseguradora, MAPFRE. Al así decidir, el foro apelado razonó que la parte

---

[3] *Íd.*, págs. 14, 152. (Énfasis provisto).

apelante pudo haber conocido del causante del daño alegado, desde el momento de la ocurrencia del accidente, pero no fue diligente para conocer la identidad de este. Sostuvo que la *Demanda* no justificaba la concesión de un remedio a favor del apelante, por cuanto fue presentada contra los apelados cuando ya se encontraba prescrita.

Inconforme, el apelante recurre ante nos mediante recurso de *apelación*, señalando la comisión del siguiente error:

> Erró el honorable Tribunal de Primera Instancia al concluir que "el demandante dirigió su reclamación judicial contra la Autoridad de Acueductos y Alcantarillas y, su aseguradora, basado en la creencia errónea de que el lugar estaba bajo el control y dominio de dicha dependencia.", y que "no aportó evidencia de haber obrado con la debida diligencia para conocer el verdadero causante de sus daños".

En respuesta, la parte apelada presentó su *Alegato en Oposición*. Con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

## II. Exposición de Derecho

### A. Desestimación bajo la Regla 10.2 de Procedimiento Civil

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, Regla 10.2, es aquella que formula el demandado para solicitar que se desestime la demanda presentada en su contra. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). Esta regla dispone que la parte demandada puede presentar una moción de desestimación en la que esgrima las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. (Énfasis provisto). Regla 10.2 de Procedimiento Civil, *supra*; *Costas Elena y otros v. Magic Sport y otros*, 213 DPR 523, 533 (2024); *López García v López García*, 200 DPR 50, 69 (2018); *González Méndez v. Acción Social et al.*, 196

DPR 213, 234 (2016)*; Asoc. Fotoperiodistas v. Rivera Schatz,* 180 DPR 920, 935 (2011).

Al evaluar una petición presentada al amparo de la Regla 10.2, *supra,* el foro primario tiene que tomar como ciertos todos los hechos bien alegados en la demanda, y considerarlos de la manera más favorable a la parte demandante. *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013); *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013). Así, para que una moción de desestimación pueda prosperar, se tiene que demostrar de forma certera que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiere probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 396 (2022); *López García v. López García, supra*, pág. 70*; Rivera Sanfeliz et al. v. Jta. Dir. First Bank*, 193 DPR 38, 49 (2015). El tribunal deberá tener en cuenta que, conforme lo dispone la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, Regla 6.1, la demanda solo tiene que contener una relación sucinta y sencilla de la reclamación demostrativas de que el peticionario tiene derecho a un remedio. *Torres, Torres v. Torres et al.*, 179 DPR 481, 501 (2010).

Ahora bien, ello solo aplicará a aquellos hechos alegados de forma clara y concluyente, que de su faz no den margen a dudas. *Cobra Acquisitions v. Mun. Yabucoa et al., supra; Rivera Sanfeliz et al. v. Jta. Dir. First Bank, supra.* A tenor, no se presumen ciertos hechos que no estén bien alegados, ni las alegaciones o conclusiones de derecho. *Molina v. Supermercado Amigo, Inc.*, 119 DPR 330, 338 (1987). El TPI debe determinar si, a base de los hechos que aceptó como ciertos, *la demanda establece una reclamación plausible que justifique la concesión de un remedio. Costas Elena y otros v. Magic Sport y otros,* supra, citando a R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis,

2017, pág. 307. Por consiguiente, una demanda puede ser desestimada si claramente carece de méritos. *Costas Elena y otros v. Magic Sport y otros, supra,* pág. 534; *Reyes v. Sucn. Sánchez Soto,* 98 DPR 305, 308 (1970). Esto puede manifestarse en la inexistencia de una ley que sostenga una reclamación, en la ausencia de hechos suficientes para que la reclamación sea válida, o en la alegación de algún hecho que necesariamente destruya la reclamación. *Íd.*

### B. Prescripción

La prescripción extintiva es una figura jurídica regulada en el Artículo 1861 del Código Civil de Puerto Rico, el cual dispone que "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley". 31 LPRA sec. 5219.[4] A su vez, el Tribunal Supremo ha expresado que es una institución de derecho sustantivo, más no procesal, que extingue el derecho a ejercer determinada causa de acción. Véase, también, *Landrau Cabezudo y otros v. La Autoridad,* 215 DPR ___ (2025); 2025 TSPR 7; *Rivera Ruiz et al. v. Mun. de Ponce et al.,* 196 DPR 410, 415 (2016). El propósito de esta figura es poner punto final a las situaciones de incertidumbre jurídica y evitar que las personas estén sujetas de forma indefinida a la contingencia de una reclamación. *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043, 1068 (2020).

Para evitar el efecto que tiene la prescripción sobre el derecho para ejercer una causa de acción, nuestro ordenamiento civil reconoce tres formas de interrumpir el transcurso del término, a saber:

> La prescripción de las acciones se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier acto de reconocimiento de la deuda por el deudor. Artículo 1873 del Código Civil de Puerto Rico, 31 LPRA sec. 5303.

Así pues, salvo que se produzca la interrupción mediante alguna de las formas indicadas, el término prescriptivo para una acción en daños y

---

[4] El Código Civil de 1930 fue derogado por la Ley Núm. 55-2020. Sin embargo, para propósitos de este recurso, estaremos citando el Código Civil derogado, pues los hechos que dieron lugar a la controversia surgieron antes de que entrara en vigor la Ley Núm. 55-2020.

perjuicios es de un (1) año, conforme al Artículo 1868 del Código Civil, 31 LPRA sec. 5298.

Sin embargo, para casos de reclamaciones extracontractuales, se ha reconocido la teoría cognoscitiva del daño para determinar el momento en que comienza a transcurrir el término aludido. Conforme a ésta, el término prescriptivo comienza a discurrir una vez el perjudicado conoció, **o debió conocer**, que sufrió un daño, **quién se lo causó**, así como los elementos necesarios para ejercitar efectivamente su causa de acción. (Énfasis provisto). *Maldonado Rivera v. Suarez y otros*, 195 DPR 182, 194 (2016); *COSSEC et al. v. González López et al.*, 179 DPR 793, 806 (2010).

Con respecto a la teoría cognoscitiva del daño, nuestro máximo Foro ha expresado:

> Como parte de la doctrina sobre la prescripción extintiva hemos reconocido la teoría cognoscitiva del daño. Dicha teoría puede considerarse como una excepción a la norma de que un término prescriptivo comienza a transcurrir cuando objetivamente ocurre el daño, pues desde ese momento se podría ejercer una causa de acción. La referida teoría establece que una causa de acción en particular surge cuando el perjudicado descubrió **o pudo descubrir** el daño y **quién lo causó,** y conoció los elementos necesarios para poder ejercitar efectivamente su causa de acción. [...] Por esto, el término para ejercer una acción no comienza a transcurrir cuando se sufre el daño, sino cuando se conocen los elementos necesarios para ejercitar la acción. [...]
>
> Como expresamos en *Vega v. J. Pérez & Cía., Inc.*, 135 D.P.R. 746 (1994), por consideraciones de justicia se estima que el término comienza a transcurrir, no desde que se sufre, sino desde que subjetivamente se conoce el daño. En lo que respecta a acciones en daños y perjuicios hemos seguido la corriente civilista liberal de reconocer un elemento subjetivo a la hora de determinar cuándo surge una causa de acción. **No obstante, siempre hemos recalcado que, si el desconocimiento se debe a falta de diligencia, entonces no son aplicables estas consideraciones sobre la prescripción.** (Énfasis provisto). *COSSEC et al. v. González López et al., supra,* pág. 806.

Por otro lado, cuando varias personas son co-causantes de daños por actos culposos o negligentes, la responsabilidad frente al perjudicado es solidaria, sin perjuicio del derecho de nivelación entre los cocausantes. *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 375 (2012). Ahora

bien, a partir de esta última Opinión citada, el Tribunal Supremo de Puerto Rico concluyó que, si un perjudicado desea conservar su causa de acción contra cada uno de los cocausantes del daño, **deberá interrumpir el término prescriptivo con respecto a cada cocausante individualmente**. De este modo, "la presentación oportuna de una demanda contra un presunto cocausante no interrumpe el término prescriptivo contra el resto de los alegados cocausantes, porque tal efecto secundario de la solidaridad no obra en la obligación *in solidum*". (Énfasis provisto). *Fraguada Bonilla v. Hosp. Aux. Mutuo, supra*, pág. 389. En consecuencia, el perjudicado está obligado a interrumpir el término prescriptivo de un año de la causa de acción frente a cada uno de los presuntos cocausantes conocidos. *Maldonado Rivera v. Suárez y otros, supra*, pág. 211. A esos efectos, la prescripción extintiva acarrea la desestimación de cualquier acción que sea presentada fuera del término previsto para ello. *Maldonado v. Russe*, 153 DPR 342, 347 (2001).

### C. Notificación a los municipios

El requisito de notificación escrita al alcalde o jefe ejecutivo municipal de cualquier reclamación por daños contra un municipio dentro del término de noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama, se estableció por primera vez en la Ley Municipal de 1960, se reprodujo en la Ley Orgánica de los Municipios de Puerto Rico de 1980, luego en la Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico de 1991, Ley Núm. 81-1980[5], (Ley de Municipios Autónomos), y continúa vigente a través del Art. 1.501 de la Ley 107-2020, conocida como el Código Municipal de Puerto Rico. Ver, *López v. Autoridad de Carreteras*, 133 DPR 243, 248 (1993).

En la citada Opinión nuestro Tribunal Supremo identificó como el propósito público perseguido con dicha notificación:

---

[5] Este era el estatuto vigente a la fecha en que ocurrió el daño alegado, y por ello nos referiremos a él cuando corresponda aplicar el derecho.

1—proporcionar a estos cuerpos políticos la oportunidad de investigar los hechos que dan origen a la reclamación; 2—desalentar las reclamaciones infundadas; 3—propiciar un pronto arreglo de las mismas; 4—permitir la inspección inmediata del lugar del accidente antes de que ocurran cambios; 5—descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable; 6—advertir a las autoridades municipales de la existencia de la reclamación para que se provea la reserva necesaria en el presupuesto anual; y, 7—mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado. Íd, pág. 249.

Además, en la misma Opinión se afirmó que, *en Puerto Rico el cumplimiento del requisito de notificación es una condición previa de cumplimiento estricto para poder demandar al municipio*, y, *parte esencial de la causa de acción que, a menos que se cumpla, no existe el derecho a demandar*. Íd.

## III.  Aplicación del Derecho a los hechos

a.

El TPI desestimó la *Demanda* instada por el apelante contra el Municipio y MAPRFE por falta de diligencia del primero en conocer quién ostentaba la jurisdicción del alcantarillado donde presuntamente ocurrieron lo daños. Contrario a esta conclusión, el apelante nos plantea que el recuento de las incidencias ocurridas en el caso lo que revela es su *constancia, ahínco, intención y propósito ininterrumpido no solo de reclamar, sino conocer quién tenía el control y mantenimiento del lugar donde ocurrieron los hechos*[6]. Es decir, este afirma: haber sido diligente en su gestión para conocer quién causó el daño, (quién tenía jurisdicción sobre el alcantarillado); haber presentado la *Demanda* contra el Municipio en cuanto conoció que este tenía la jurisdicción sobre el alcantarillado, (de conformidad con la teoría cognoscitiva del daño).

Permea en toda la argumentación del apelante, además, la *queja* o el señalamiento de que la AAA no le divulgara oportunamente que el Municipio era quien ostentaba la jurisdicción del alcantarillado, a pesar de

---

[6] Recurso de apelación, pág. 3.

haber mantenido comunicación escrita constante sobre el tema con dicha corporación pública.

El apelante no tiene razón en sus planteamientos, por varias razones, veamos.

b.

Valga iniciar advirtiendo que el dictamen apelado fue resultado de que el TPI acogiera la moción de desestimación instada por los apelados al amparo de la Regla 10.2 de Procedimiento Civil, *supra*. Por tanto, en su revisión nos corresponde aplicar los supuestos que rigen la consideración de tal moción dispositiva, es decir, *el foro primario tiene que tomar como ciertos todos los hechos bien alegados en la demanda, y considerarlos de la manera más favorable a la parte demandante. Colón Rivera et al. v. ELA,* supra. Aun aplicando tal criterio, nos resulta evidente que el foro apelado actuó conforme a *Derecho* al desestimar la *Demanda* contra los apelados.

En primer término, según las propias alegaciones contenidas en la *Demanda,* los hechos causantes del daño alegado datan del 7 de enero de 2020, mientras que la *Demanda* instada contra el Municipio y su aseguradora, los aquí apelados, es del 16 de septiembre de 2024. Por tanto, no requiere mayor esfuerzo el percatarse que, al momento de presentada la referida causa de acción, había transcurrido en exceso, tanto el término de noventa días para notificar al Municipio, según lo requiere la Ley de Municipios Autónomos, supra, como el de un año cuando se reclama indemnización por daños extracontractuales, Art 1802 del Código Civil, supra.

Con el propósito de persuadirnos sobre la interrupción extrajudicial de tales términos prescriptivos, en su recurso de apelación el señor Valentín Pacheco insiste en vincular de alguna forma las cartas enviadas a la AAA y a la AC para tales fines, con el Municipio. Esto, a pesar de que de las propias alegaciones contenidas en la *Demanda* surge con claridad que

el apelante no remitió comunicación alguna al Municipio dentro de los términos prescriptivos a los que aludimos en el párrafo que precede.

Sobre lo anterior, es de ver que, en *López v. Autoridad de Carreteras*, supra, nuestro Tribunal Supremo dejó claramente establecido que no es aceptable confundir las corporaciones o agencias públicas con los municipios, al ser estos últimos entidades autónomas del Estado, que tienen personalidad y capacidad jurídica propia. Id, 253. De nuevo, las alegaciones y los documentos incluidos por el apelante para tratar de establecer la presunta interrupción extrajudicial del término prescriptivo, lo que establecen es que el Municipio no recibió comunicación alguna sobre el incidente que originó la *Demanda*, sino hasta superados, por mucho, los términos de ley aludidos.

Estrechamente relacionado a lo anterior, en el mismo *López v. Autoridad de Carreteras*, supra, el alto foro también advirtió que no se puede esgrimir la teoría cognoscitiva del daño, *si el desconocimiento del causante del daño **se debe a la falta de investigación o diligencia del reclamante***. (Énfasis provisto). Id., pág. 256. En dicho caso, como aquí, la parte reclamante de daños extracontractuales había instado demanda contra la AAA y el DTOP, pero por causa de un accidente sufrido en una acera. No obstante, durante el descubrimiento de prueba, la parte allí demandante se enteró que la jurisdicción de dicho lugar recaía en el municipio, por lo que intentó enmendar la demanda para traerlo al pleito. En ese contexto, el Tribunal Supremo desestimó la causa de acción presentada contra dicho municipio, al concluir que la parte reclamante *bien había podido averiguar, sin mucho esfuerzo, que el municipio era responsable, y cumplir con la notificación legal requerida, pero no lo hizo*. Id, pág. 256.

Las similitudes entre los datos procesales en la Opinión citada, y el que está ante nosotros, saltan a la vista. En ambos casos las partes

demandantes descansaron o se conformaron con la información que les pudieron proveer unas agencias o corporaciones públicas, renunciando a investigar como mayor amplitud sobre los posibles causantes del daño. En este sentido, no podemos admitir la teoría legal de la parte apelante al esgrimir la teoría cognoscitiva del daño para tratar de marcar el inicio de los términos para notificar y demandar al Municipio, a partir de que la AAA le informó sobre quien tenía la jurisdicción sobre el alcantarillado.

Aunque a este punto resulte reiterativo, es cierto que, desde el 30 de diciembre de 2020, el Sr. Valentín Pacheco intercambió comunicaciones conducentes a la reclamación del daño con quienes pensó eran los responsables de la alcantarilla donde ocurrió la caída. Sin embargo, es igualmente cierto que, aunque el accidente descrito se produjo en la jurisdicción del Municipio de Mayagüez, no fue sino hasta el 25 de marzo de 2024, cuatro (4) años después de ocurrido el accidente, que el apelante dirigió su primera comunicación al Municipio y su aseguradora, y solo porque la AAA le advirtió sobre quién tenía la jurisdicción.

No observamos imposibilidad alguna para que, con la debida indagación, el apelante pudiera conocer que el Municipio ostentaba jurisdicción sobre el alcantarillado, en tiempo cercano a la ocurrencia de los hechos. El apelante no ejerció la diligencia que requiere nuestro ordenamiento jurídico para que le resultara aplicable la teoría cognoscitiva del daño, en términos del momento en que pudo conocer la identidad del causante del daño.

Por otra parte, aunque nuestro ordenamiento admite la acción directa contra una aseguradora, tampoco surge que se hubiese interrumpido el término prescriptivo de un daño para instar acción en contra de esta, ya a través de la presentación de una demanda oportuna, mediante un reclamo extrajudicial. Sobre esto último, las cartas donde siquiera se menciona a MAPFRE datan del 2024[7], lo que en manera alguna

---

[7] Ver, apéndice del recurso de apelación, págs. 113,121.

sirven el propósito de imputarle a dicha aseguradora el conocimiento de los hechos que se le reclamaban a la AAA. Además, de las cartas intercambiadas entre el apelante y la AAA no surgió el nombre de MAPRFE, sino hasta ya pasados varios años de la caída, lo que no permite concluir que estuviera informado del asunto.

En definitiva, el TPI no incidió al desestimar la causa de acción presentada en contra del Municipio y su aseguradora.

**Parte dispositiva**

Por los fundamentos que anteceden, *confirmamos* la *Sentencia Parcial* apelada.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones